**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Tom Hensiek and Jason Gill, on behalf of themselves individually, and on behalf of similarly situated participants and beneficiaries of the Casino Queen Employee Stock Ownership Plan, <br><br>**Plaintiffs,** <br><br>vs <br><br>Board of Directors of CQ Holding Company, Inc. (a/k/a Casino Queen Board of Directors), the Administrative Committee of the Casino Queen Employee Stock Ownership Plan, Charles Bidwill III, Timothy J. Rand, James G. Koman, Jeffrey Watson, Robert Barrows, and John and Jane Does 1-20, <br><br>**Defendants.** | **CIVIL NO.** 3:20-cv-0377–DWD <br><br>**CJRA TRACK:** Track D <br><br>**TRIAL DATE:** October 23, 2023 <br><br>**FINAL PRETRIAL CONFERENCE:** October 12, 2023 <br><br>**JUDGE:** Judge Dugan |

## JOINT REPORT OF THE PARTIES AND PROPOSED SCHEDULING AND DISCOVERY ORDER (CLASS ACTION)

Pursuant to Federal Rule of Civil Procedure 26(f), SDIL-LR 26.1, and SDIL-LR 23.1, the parties conferred on December 23, 2020 (prior to the entry of the Court's Stay Order), on December 17, 2021 (after the Court vacated its Stay Order), and February 2, 2022 (following the Court's ruling on Defendants' motions to dismiss). Attorneys Michelle Yau and Ryan Wheeler participated for Plaintiffs; attorney Joel Rice participated for Defendants Jeffrey Watson, Robert Barrows, CQ Administrative Committee, and CQ Board of Directors; attorney Ronald Norwood participated for Defendants Timothy Rand and Charles Bidwill, III; and attorneys Lars Golumbic and Andrew Salek-Raham participated for Defendant James Koman.

The parties previously submitted to the Court a Joint Report and Proposed Scheduling and Discovery Order via e-mail on December 20, 2021. The Court's subsequent ruling on Defendants' motions to dismiss (Dkt. 118) mooted certain of the parties' scheduling disagreements described in that submission. This Revised Joint Report and Proposed Scheduling and Discovery Order more accurately describes the parties' current positions in light of the Court's ruling. As a preliminary

1

matter, the Parties have provided written consent to email service of all documents in this case pursuant to Rule 5(b)(2)(E) and (F).

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1. Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. Once class certification is decided, the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed.

2. **Status of Discovery:** The parties have exchanged Rule 26(a)(1)(A) initial disclosures. Plaintiffs served requests for production on Defendants on January 11, 2021. Defendants have agreed to object and respond to that discovery on February 10, 2022. Subject to these objections, as to this particular discovery request, each Defendant intends to produce responsive documents in their possession, custody, or control by or before March 2, 2022. Plaintiffs served additional requests for production on Defendants on February 2, 2022.

3. **Document Requests:** Requests to produce, pursuant to Federal Rule of Civil Procedure 34, shall be served on opposing parties throughout the discovery period.

4. **Depositions and Interrogatories:** Due to the nature of this case, the parties are exempted from compliance with Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 interrogatory limit). Deposition notices, interrogatories, and requests for admission may be served throughout the discovery period.

    **Depositions:** The Parties agree that Plaintiffs may take 20 depositions and Defendants collectively may take 20 depositions; provided, however, that no single witness will sit for more than one seven-hour deposition unless agreed by the parties or ordered to do so by the Court.

    **Interrogatories:** Each party group – i.e., Plaintiffs, the Selling Shareholder Defendants, and the Casino Queen Defendants[1] – shall be permitted to serve no more than 75 interrogatories total on the other litigation parties. Further, no

---

[1] For purposes of this discovery order, the Selling Shareholder Defendants refers to Charles Bidwill, III, James Koman, and Timothy Rand, collectively, whereas the Casino Queen Defendants refers to the Administrative Committee of the Casino Queen Employee Stock Ownership Plan, the Board of Directors of Casino Queen Holding Company, Inc., Jeffrey Watson, and Robert Barrows.

    party group may direct more than 50 of their interrogatories to any single other party group.

    **Requests for admission:** Each party group may serve up to 50 requests for admission on every other party group, totaling 100 requests for admission per issuing group.

5. **Pre-trial Schedule:**

    - Answer: Defendants have requested and Plaintiffs have agreed to give them a two-week extension on their Answer deadline, from February 11, 2022 to **February 25, 2022**. Defendants will file an unopposed motion for this extension.

    - Close of Fact Discovery (including fact depositions): **November 1, 2022**

    - Class Certification:
        - Opening brief: **September 30, 2022**
        - Oppositions: **October 31, 2022**
        - Reply: **November 21, 2022**

    - Experts:
        - Mutual exchange of opening reports: **January 13, 2023**
        - Mutual exchange of rebuttal reports: **February 24, 2023**
        - Close of expert discovery (including expert depositions): **April 28, 2023**

    - Summary Judgment:
        - Opening briefs: **June 30, 2023** (40 pages, including SOMF)
        - Rebuttal briefs: **July 31, 2023** (40 pages, including response to SOMF)
        - Replies: **August 21, 2023** (20 pages)

6. **Amendments and Third Party actions:** By agreement of the parties, Plaintiffs may amend their complaint once by March 31, 2022. Plaintiffs may seek further amendment after March 31, 2022 in appropriate circumstances pursuant to Rule 15(a)(2). Defendants shall bring third party and/or cross claims at the time they answer Plaintiffs' forthcoming first amended complaint.

7. Expert witnesses for Class Certification, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

    Plaintiffs' expert(s): **N/A**
    Defendants' expert(s): **N/A**

*Rev 11/20*

        The parties do not presently anticipate requiring expert testimony in connection with Plaintiffs' motion for class certification.

8. Depositions of Class Certification expert witnesses must be taken by:

    Plaintiffs' expert(s): **N/A**
    Defendants' expert(s): **N/A**

    The parties do not presently anticipate requiring expert testimony in connection with Plaintiffs' motion for class certification.

9. The parties **CERTIFY** that they have discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information (ESI). The parties ☒ do ☐ do not anticipate a need for an ESI protocol. The parties shall submit to the Court any joint proposed ESI protocol no later than **February 18, 2022**. (The protocol shall contain mechanisms for addressing necessary topics concerning ESI to include sources of information, search terms, format of production and preservation of ESI by both Plaintiffs and Defendants). The parties shall also submit to the Court any joint proposed protective order no later than **February 18, 2022**.

10. Plaintiffs' Motion for Class Certification and Memorandum in Support shall be filed by **September 30, 2022** and shall not exceed **30** pages.

11. Defendants' Memorandum in Opposition to Class Certification shall be filed by **October 31, 2022** and shall not exceed **30** pages.

12. Plaintiffs' Reply Memorandum, if any, must be filed b**y November 21, 2022** and shall not exceed **15** pages.

13. The Class Certification hearing, if any, will be set by separate notice.

14. The parties are reminded that, prior to filing any motions concerning discovery, they are first directed to meet and confer relating to any discovery disputes and then contact the Court to arrange a telephone discovery dispute conference. If the dispute cannot be resolved in the first conference, the Court will establish, with the input of the parties, the mechanism for submitting written positions to the Court on an expedited basis.

DATED: February 9, 2022

**COHEN MILSTEIN SELLERS & TOLL PLLC**

<u>*/s/ Michelle C. Yau*</u>
Michelle C. Yau
Mary J. Bortscheller, Illinois Bar: 6304457
Ryan A. Wheeler
1100 New York Ave. NW, Suite 500
Washington, DC 20005
(202) 408-4600
myau@cohenmilstein.com
mbortscheller@cohenmilstein.com
rwheeler@cohenmilstein.com

*Attorneys for Plaintiffs*

**STRIS & MAHER LLP**

<u>*/s/ Victor O'Connell*</u>
Rachana Pathak (admitted pro hac vice)
Victor O'Connell (admitted pro hac vice)
John Stokes (admitted pro hac vice)
777 S Figueroa St., Ste. 3850
Los Angeles, CA 90017
rpathak@stris.com
voconnell@stris.com
jstokes@stris.com

*Attorneys for Plaintiffs*

**FISHER & PHILLIPS LLP**

<u>*/s/* Joel W. Rice</u>
Joel W. Rice
Scott C. Fanning (*pro hac vice* to be filed)
10 South Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061 Phone
(312) 346-2179 Facsimile
jrice@fisherphillips.com
sfanning@fisherphillips.com

*Attorneys for Defendants Jeffrey Watson, Robert Barrows, CQ Administrative Committee, and CQ Board of Directors*

**LEWIS RICE LLC**

*/s/ Ronald A. Norwood*
Ronald A. Norwood (#06197900)
Apollo D. Carey (#6291448)
600 Washington Avenue
Suite 2500
St. Louis, MO 63101
(314) 444-7600
rnorwood@lewisrice.com
acarey@lewisrice.com

*Attorneys for Defendants Timothy Rand and Charles Bidwill, III*

**GROOM LAW GROUP, CHTD.**

*/s/ Lars C. Columbic*
Lars C. Golumbic, *pro hac vice*
Sarah M. Adams, *pro hac vice*
Andrew D. Salek-Raham, *pro hac vice*
Meredith F. Kimelblatt, *pro hac vice*
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
Tel: (202) 861-6615
Fax: (202) 659-4503
lgolumbic@groom.com
sadams@groom.com
asalek-raham@groom.com
mkimelblatt@groom.com

*Attorneys for Defendant James Koman*