## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOM HENSIEK and JASON GILL,** )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>**BOARD OF DIRECTORS OF CASINO QUEEN HOLDING COMPANY, INC., ADMINISTRATIVE COMMITTEE OF THE CASINO QUEEN EMPLOYEE STOCK OWNERSHIP PLAN, CHARLES BIDWELL, III, TIMOTHY J. RAND, JAMES G. KOMAN, JEFFREY WATSON, ROBERT BARROWS, and JOHN & JANE DOES 1–20,** )<br>)<br>    **Defendants.** ) | **Case No. 3:20-cv-377-DWD** |

## STIPULATED PROTECTIVE ORDER

**DUGAN, District Judge:**

Plaintiffs Tom Hensiek and Jason Gill (collectively, "Plaintiffs") and Defendants Board of Directors of Casino Queen Holding Company, Inc., the Administrative Committee of the Casino Queen Employee Stock Ownership Plan, Charles Bidwill, III, Timothy J. Rand, James G. Koman, Jeffrey Watson, and Robert Barrows (collectively, "Defendants") contemplate that early negotiations and/or discovery in this action will involve information and documents that contain confidential financial and other private information protected under Federal Rule of Civil Procedure 26(c) or other applicable law.  Plaintiffs and Defendants (each individually a "Party" and together, the "Parties")

therefore request entry of this Stipulated Protective Order (the "Protective Order" or the "Order") to establish procedures to enable the Parties to obtain discovery of such information and documents; to protect against public disclosure without certain protections; and to promptly resolve disputes over confidentiality.

The Parties assert in support of their request that protection of confidential information that meets the standards governing protective orders in Rule 26(c) is necessary because discovery in this case may result in the production of Confidential Information" (as defined below) concerning Defendants' proprietary and confidential business and financial information, including information that is of a personal or private nature; proprietary and confidential information regarding the Defendants' business practices; agreements and contracts between the Defendants and third-parties; and confidential information related to Plaintiffs (and, potentially, putative class members). A protective order is warranted because information that meets the standard set forth in Rule 26(c) or other applicable law governing protective orders should be afforded certain protections.

For good cause shown, the Court grants the Parties' joint request and hereby enters the following Protective Order:

**1.** **<u>Scope and Application of Protective Order</u>.** This Protective Order governs all documents, information, or other material that is "Confidential Information" (as defined below), and that is produced in connection with this litigation by any person or entity (the "Producing Party") to any other person or entity (the "Receiving Party"), regardless of whether the person or entity producing or receiving the Confidential

Information is a party to this matter. As such, this includes, but is not limited to, Confidential Information produced in response to discovery requests, deposition testimony and exhibits, and Confidential Information derived directly therefrom (hereinafter collectively, "Documents").

**2.    Definition of Confidential Information.**   As used in this Order, "Confidential Information" is defined as information that the Producing Party believes in good faith would meet the standard for receiving protection from disclosure under Federal Rule of Civil Procedure Rule 26(c) or other applicable law.

**3.    Form of Designation.**

Generally. Confidential Information shall be designated by a party or entity as "CONFIDENTIAL" in accordance with this Order. The party or third party who designates a document or information as "CONFIDENTIAL" is referred to as the "Designating Party." Each Party or Non-Party that designates Documents as CONFIDENTIAL must take care to limit any such designations to only information that would reasonably meet the standard set forth in Rule 26(c) governing protective orders and other applicable law. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify under the applicable standards and law. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the

mistaken designation and reproduce such Documents and/or information with the CONFIDENTIAL Marking(s) removed.

       3.1    <u>Information Marked as Confidential</u>.  Documents or information may only be designated as CONFIDENTIAL if the Designating Party believes in good faith that such Documents or information would be subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law.  Any transcript of an *in camera* hearing shall be treated as confidential pursuant to this Order.

       3.2    <u>Marking of Documents</u>.  If the Designating Party has a good faith basis to believe that Documents contain Confidential Information and therefore are subject to protection under this Order, the Designating Party may mark or place the word CONFIDENTIAL (hereinafter, the "Marking"), where appropriate, on the Document and on all copies in a manner that will not interfere with the legibility of the Document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.

       3.3    <u>Deposition Transcripts</u>.  Within thirty (30) days after receiving a final deposition transcript, a Party may inform the other Parties if the transcript or portions of it are designated as Confidential Information.  Until expiration of the 30-day period, all Parties shall treat the entire transcript, including exhibits, as Confidential Information subject to the protections of this Order.  If no Party timely designates the transcript or a portion of the transcript as Confidential Information, then the transcript will not be treated as such.  All persons and parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information.

    3.4  <u>Multipage Documents</u>.  If a Party wishes to designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as CONFIDENTIAL it shall place the appropriate Marking on **all** pages of the Document.  If a Party designates only certain portions and/or pages of an integrated, multipage Document as Confidential Information, only the page(s) with the CONFIDENTIAL Marking(s) shall be treated as Confidential Information.

    3.5  Expert Reports. All or portions of an expert report provided under Federal Rule of Civil Procedure 26(a)(2) may be designated Confidential Information if such report contains excerpts, quotes, attachments, or summarize documents, deposition transcripts, or other materials that have been designated under this Order.

  **4.**  **<u>Timing of Designation</u>.**  The Marking will be applied prior to or at the time the Documents are produced or disclosed.  Applying the Marking to a Document does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any Documents so designated must also bear the Marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked Documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  By marking a designated Document CONFIDENTIAL, counsel for the Producing Party (or the Producing Party itself, for any party appearing *pro se*) thereby certifies that the Document contains Confidential Information as defined in this Order.

5. **Inadvertent Failure to Designate.** Inadvertent failure to designate any Document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, or pursuant to the relevant Rules of Civil Procedure or Evidence, so long as a claim of confidentiality is asserted within a reasonable time of the inadvertent non-designation. After receipt of such notification, the Receiving Party shall then treat the designated materials as Confidential Information and shall make all reasonable efforts to secure the return of any documents they may have provided to any person not covered by the terms of this Order. Within seven (7) days of such notification, the Designating Party must re-produce all unmarked Documents with a CONFIDENTIAL marking on all pages that contain Confidential Information to all Receiving Parties. Failure to re-produce the Documents with CONFIDENTIAL markings shall not prejudice the Receiving Parties who may seek to use documents in depositions, in court filings or other proceedings.

6. **Designations by Another Party.**

    6.1    Notification of Designation. If a Party or non-party other than the Producing Party believes that a Producing Party has produced a Document that contains or constitutes Confidential Information of the non-Producing Party, the non-Producing Party may designate the Document as Confidential Information by notifying all Parties in writing within ten (10) days of the first initial review of the non-designated document.

    6.2    Return of Documents. Whenever a Party or non-party other than the Producing Party designates a Document as Confidential Information under subparagraph 6.1, the Designating Party shall inform the other Parties and/or the non-

Party who produced such Document. At this time, the Designating Party shall re-produce a copy of all Documents bearing the CONFIDENTIAL designation to all other Parties. Once the Document has been re-produced with the CONFIDENTIAL marking, each Party shall destroy all undesignated copies of the Document or return those copies to the Producing Party, at the direction of the Producing Party, and shall ensure that any person to whom the Party provided an undesignated copy (*e.g.*, expert witnesses) also destroys or returns those undesignated copies.

7. **Objections to Designations.**

    7.1    <u>Notice of Objection</u>.  Any Party objecting to a CONFIDENTIAL designation of Confidential Information, including objections to portions of designations of multipage Documents, shall notify the Designating Party and all other parties of the objection in writing.  This notice must identify each Document that the objecting party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.

    7.2    <u>Conference Regarding Objection</u>.  The parties with an interest in resolution of the objection shall seek to confer within seven (7) business days after such objection to attempt to resolve their differences, unless the parties agree to a longer time. If the parties cannot resolve their differences, the Designating Party shall have until the close of Expert Discovery to file a Motion to maintain the Confidential Information designation, subject to the rules of the Court.  However, no Parties are precluded from seeking Court intervention to remove the CONFIDENTIAL designation before the

Designating Party files a Motion to maintain all challenged CONFIDENTIAL designations at the close of Expert Discovery, so long as the notice and conference set forth in paragraphs 7.1 and 7.2 have been completed.

       7.3     Treatment after Objection Is Raised. All documents, information, and other materials initially designated as Confidential Information shall be treated as CONFIDENTIAL in accordance with this Order unless and until the Court rules otherwise. If the Court rules that a Confidential Information designation should not be maintained as to a particular Document, the Producing Party shall, provide all other Parties a copy of that Document without the CONFIDENTIAL designation.

**8.    Use of Confidential Material.** Designated Confidential Information may only be used for purposes of this matter, including any appeals.

**9.    Who May View Designated Confidential Information Before Trial.**

       9.1     Documents Marked as Confidential. Confidential Information designated as CONFIDENTIAL may only be disclosed by the Receiving Party to the following persons:

        a. Counsel for the parties, including their associates, clerks, paralegals, and secretarial personnel;

        b. Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape, and clerical personnel;

        c. Deposition and trial witnesses;

    d.  Experts and their staff who are consulted by counsel for a party in this litigation, to the extent the designated information is relevant to the subject matter or scope of their retention;

    e.  Parties and their employees and insurers with a discernible need to know;

    f.  In-house counsel and paralegals;

    g.  Vendors employed by counsel for copying, scanning, and handling of documents and data, including discovery vendors;

    h.  The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal;

    i.  A witness or prospective witness in this litigation and their counsel, but only to the extent reasonably necessary in interviewing potential witnesses or in preparing a potential witness to testify at a deposition, hearing, or trial.

    9.2   <u>Acknowledgement</u>.  Confidential Information, regardless of designation, may not be disclosed to persons listed in subparagraphs 9.1(c), 9.1(d), or 9.1(i) until the Receiving Party has obtained a written acknowledgment from such person, in the form of Appendix A, that he or she has received a copy of this Order and has agreed to be bound by it.  A Party who discloses Confidential Information to persons listed in subparagraphs 9.1(c), 9.1(d), or 9.1(i) shall retain the written acknowledgment from each person receiving Confidential Information, and shall furnish the written acknowledgement to the Court for in camera review upon its request. However, once a

party has contacted counsel for a witness to obtain signature on Appendix A, it is the responsibility of that counsel to obtain such signature. And if counsel for the witness fails to do this, the requesting party has not violated this Protective Order.

        9.3    <u>Court Filings</u>.  Any Party seeking to file Documents with the Court containing or disclosing Confidential Information shall file a motion to seal such Documents, in accordance with the Electronic Case Filing Rules for the Southern District of Illinois and any Orders by this Court, including this Protective Order. However, for the avoidance of doubt, if the party that files a motion to seal certain Document(s) with CONFIDENTIAL Markings is **not** the Designating Party, then the Designating Party—and no one else—shall have the obligation to file an affidavit and/or memorandum which demonstrates why the information marked shall be sealed. In this case, the motion to seal shall state that affidavits and/or a memorandum explaining why the information shall be sealed will be filed by the Designating Party either (i) at the time its response is due, if the Confidential Material was submitted in connection with a motion or other pleading to which the Designating Party is entitled to a response, or (ii) within seven (7) business days of the motion to seal of the Motion to seal if the Confidential Material was submitted in connection with a reply or other pleading to which the Designating Party is not entitled to a response. Any Documents filed under seal shall be available for inspection only by the Court, the Court's staff, counsel of record to the parties, and necessary employees of such counsel until further order of Court, except as otherwise agreed by the Parties and any consenting third-party that designated the Documents as Confidential Information.

10. **Inadvertent Disclosure of Privileged Documents or Information.** In accordance with Rule 502(d) of the Federal Rules of Evidence, if a Party inadvertently produces a Document or information that it could have withheld, in whole or in part, under a legitimate claim of privilege, the inadvertent production shall not waive any privilege or result in a subject matter waiver.  A Producing Party may demand return of any inadvertently produced document or information, and the receiving party shall, within ten (10) business days of the demand, return or destroy such document or information (and any copies thereof) and shall make all reasonable efforts to secure the return of any documents they may have provided to any person not covered by the terms of this Order.

11. **A Party's Own Documents.**  This Order does not restrict the Parties in their use or disclosure of their own Documents and information.

12. **Use of Confidential Documents at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any Document at any trial or hearing. The Court may make such orders as are necessary to govern the use of such Confidential Information at the hearing or trial.

13. **Obligations on Conclusion of Litigation.**

    13.1   Order Remains in Effect.  Unless otherwise agreed or ordered, the provisions of this Order will continue to be binding after conclusion of the litigation.

    13.2   Return of Confidential Documents.  Within thirty (60) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, Parties in possession of Documents designated as Confidential Information, including

copies as defined above, shall return those Documents to the Party who previously produced them or destroy such Documents. A Party destroying or returning Confidential Information shall also make all reasonable efforts to ensure that any individuals to whom the destroying or returning party provided Confidential Information (*e.g.*, expert witnesses, litigation support providers, actual or potential fact witnesses) also destroy or return any Confidential Information. Any Party shall, on request of the producing party, certify the fact of destruction.

13.3     Exceptions.  Notwithstanding the above requirements to return or destroy documents, counsel may retain (i) attorney work product, including Documents bearing the notations, summations, or other mental impressions of the Receiving Party and any index which refers or relates to designated Confidential Information, and (ii) all documents (including but not limited to pleadings, briefs and motion papers) filed with the Court, including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. Likewise, Parties shall not be required to locate, isolate, and delete e-mails and other correspondence (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition, hearing or trial transcripts, or drafts or final expert reports, consultant and expert work product; provided that such information and documents shall remain subject to the terms of this Protective Order.

**14.     Order Subject to Modification.**  This Order is subject to modification by the Court on its own motion or on motion of any Party or any other person with standing,

provided that the Parties have been given notice and an opportunity to be heard on the proposed modification.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any Document designated as Confidential Information by counsel or the Parties is entitled to protection until such time as the Court may rule on a specific Document.

16. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the Parties, and all other such persons made subject to this Order by its terms.

17. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute the Agreement to be Bound by Protective Order, contained in Appendix A.

18. **Protections Extended to Third-Party's Confidential Information.** The Parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**SO ORDERED.**

Dated: March 2, 2022

_____
DAVID W. DUGAN
United States District Judge

# APPENDIX A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Illinois on _____, 2022, in the case *Hensiek et al. v. Board of Directors of Casino Queen Holding Company, Inc. et. al.*, Case No. 3:20-cv-0377.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to court-imposed sanctions or contempt. I promise that I will not disclose any information or documents that are subject to this Stipulated Protective Order except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Illinois for the purposes of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this case.

Printed name: _____

Physical address: _____

Mailing address: _____

Phone number: _____

Email address: _____

Signature: _____

Date:_____