# EXHIBIT N

# WRITTEN CONSENT
# OF
# SOLE STOCKHOLDER
# OF
# CQ HOLDING COMPANY, INC.

December 26, 2012

The undersigned, being the Sole Stockholder of CQ Holding Company, Inc., a Delaware corporation (the "Corporation"), acting by written consent without a meeting pursuant to Section 228 of the General Corporation Law of the State of Delaware and Article II, Section 7 of the Corporation's Bylaws, does hereby consent to the adoption of the following resolutions and waive notice of a meeting of the stockholders and the holding of such meeting, it being intended that this consent shall have the same force and effect as a vote of the undersigned at a meeting of the stockholders, duly called and held for the purpose of acting upon and adopting such resolutions.

**Resolutions Approving the Amendment to the Certificate of Incorporation**

**WHEREAS**, the Board of Directors has recommended to the Sole Stockholder of the Corporation that the Certificate of Incorporation be amended.

**BE IT RESOLVED**, that the Certificate of Incorporation of the Corporation be and hereby is amended as set forth on Exhibit A; and

**FURTHER RESOLVED**, that the Corporation shall file a Certificate of Amendment of Certificate of Incorporation with the Secretary of State of the State of Delaware setting forth the aforesaid amendments to the Certificate of Incorporation of the Corporation.

**Resolutions Appointing New Directors**

**BE IT RESOLVED**, that effective immediately following the issuance by the Secretary of State of the State of Delaware of the Certificate of Amendment of Certificate of Incorporation of the Corporation, the resignations of the current directors of the Corporation (being Jeffrey Watson and Robert Barrows) be and hereby are accepted and the persons named below be and hereby are elected directors of the Corporation, to serve until the next

6749628
Consent of Sole Stockholder of CQ Holding
Amendment to the Certificate of Incorporation and Appointment of Directors

**CQ-002945**

annual meeting of the stockholders of the Corporation or until their respective successors are duly elected and qualified:

    Jeffrey Watson – ESOP Director

    Robert Barrows – ESOP Director

    Timothy J. Rand – Note Holder Director

    Charles W. Bidwill III – Note Holder Director

    James G. Koman – Note Holder Director

**General Authorizing Resolutions**

    **BE IT RESOLVED,** that the proper officers of the Corporation be, and they hereby are, authorized, empowered, and directed, in the name and on behalf of the Corporation, to make all such arrangements to execute and deliver, or to join in the execution and delivery of, all such contracts, commitments, applications, assignments, certificates, documents or instruments, and to take any and all such further actions as they or any of them, in their sole discretion, may deem necessary or appropriate to carry out the intent of the foregoing resolutions.

    **FURTHER RESOLVED,** that any actions related in any manner to the foregoing resolutions which may have already been taken by such proper officers prior to the execution of these unanimous consent resolutions are hereby approved, continued, ratified, and affirmed in all respects and for all purposes as the actions of the Corporation.

    **FURTHER RESOLVED,** that these written consent resolutions may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

    **[Remainder of Page Intentionally Left Blank; Signature Page Follows]**

6749628
Consent of Sole Stockholder of CQ Holding
Amendment to the Certificate of Incorporation and Appointment of Directors

**CQ-002946**

**CONFIDENTIAL**

[Signature Page to Written Consent]

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent as of the 26 day of December, 2012.

By: _____
Jeffrey Watson, solely as Trustee of the
TRUST AGREEMENT FOR THE
CASINO QUEEN EMPLOYEE STOCK
OWNERSHIP PLAN

By: _____
Robert Barrows, solely as Trustee of the
TRUST AGREEMENT FOR THE
CASINO QUEEN EMPLOYEE STOCK
OWNERSHIP PLAN

6749628
Consent of Sole Stockholder of CQ Holding
Amendment to the Certificate of Incorporation and Appointment of Directors

# Exhibit A

# Certificate Amendment

CQ-002948

CERTIFICATE OF AMENDMENT
OF
CERTIFICATE OF INCORPORATION
OF
CQ HOLDING COMPANY, INC.

CQ Holding Company, Inc. (the "Corporation"), a corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware,

DOES HEREBY CERTIFY:

FIRST: That the Board of Directors of the Corporation, by the unanimous written consent of its members, adopted resolutions setting forth proposed amendments of the Certificate of Incorporation of the Corporation, declaring said amendments to be advisable and calling a meeting of the stockholders of the Corporation for consideration thereof. The resolutions setting forth the proposed amendments are as follows:

BE IT RESOLVED, that it is advisable and for the benefit of the Corporation that Article Six of the Certificate of Incorporation of the Corporation be amended to read as follows:

## ARTICLE SIX

### DIRECTORS

Section 1. <u>General Powers</u>. Pursuant to Section 141(a) of the Delaware General Corporation Law (the "DGCL"), the Corporation shall be managed by a governing body to be called the Board of Directors, which for all purposes of the DGCL shall constitute the Board of Directors of the Corporation, and which may exercise all such powers of the Corporation and do all such lawful acts and things as are not by law or by this Certificate of Incorporation directed or required to be exercised or done by the stockholders.

Section 2. <u>Number, Qualification and Tenure</u>. The number of directors of the Corporation (the "Directors") shall be five (5). Directors will be elected by the stockholders of the Corporation at the annual meeting of stockholders, and each Director elected shall hold office until his successor is elected and qualified or until his earlier resignation or removal. Directors need not be stockholders. Elections of Directors need not be by written ballot.

Section 3. <u>Voting Powers</u>. (a) If at least one (1) Director then in office is a Note Holder Designee (as such term is defined in those certain promissory notes issued by the Corporation on December 26 , 2012 in the aggregate principal amount of Twenty Five Million Dollars

($25,000,000.00) and payable to certain former stockholders of the Corporation, copies of which will be provided to any stockholder of the Corporation upon request thereof (the "Seller Notes")) approval of the following matters ("Special Matters") shall require the affirmative vote of all of the ESOP Directors (defined below) then in office and at least two (2) of the Note Holder Directors (defined below):

    (i) the sale, exchange or other disposition of all or substantially all of the assets of the Corporation (including, without limitation, the Corporation's entire interest in Casino Queen Inc., an Illinois corporation and wholly-owned subsidiary of the Corporation ("Casino Queen")) in a single transaction or series of related transactions not resulting in the payment in full of the Seller Notes;

    (ii) authorization by the Corporation, in its capacity as the sole shareholder of Casino Queen, of the sale, exchange or other disposition of all or substantially all of the assets of Casino Queen in a single transaction or series of related transactions not resulting in the payment in full of the Seller Notes, which authorization is required pursuant to the bylaws of Casino Queen (the "Casino Queen Bylaws");

    (iii) approval of a merger or consolidation of the Corporation with another Person not resulting in the payment in full of the Seller Notes;

    (iv) authorization by the Corporation, in its capacity as the sole shareholder of Casino Queen, of a merger or consolidation of Casino Queen with another Person not resulting in the payment in full of the Seller Notes, which authorization is required pursuant to the Casino Queen Bylaws;

    (v) refinancing debt of the Corporation not resulting in the payment in full of the Seller Notes;

    (vi) authorization by the Corporation, in its capacity as the sole shareholder of Casino Queen, of refinancing debt of Casino Queen not resulting in the payment in full of the Seller Notes, which authorization is required pursuant to the Casino Queen Bylaws;

    (vii) any single capital expenditure by the Corporation in excess of Three Million Dollars ($3,000,000.00);

    (viii) authorization by the Corporation, in its capacity as the sole shareholder of Casino Queen, of any single capital expenditure by Casino Queen in excess of Three Million Dollars

($3,000,000.00), which authorization is required pursuant to the Casino Queen Bylaws; or

(ix) authorization by the Corporation, in its capacity as the sole shareholder of Casino Queen, of an amendment to the Casino Queen Bylaws which would eliminate the requirement of the Corporation's authorization, in its capacity as the sole shareholder of Casino Queen, of any matter contemplated in (ii), (iv), (vi) or (viii) immediately above, which authorization is otherwise required pursuant to the Casino Queen Bylaws.

For purposes of this Certificate of Incorporation, the Directors who are Note Holder Designees are referred to as the "Note Holder Directors" and the Directors other than the Note Holder Directors are referred to as the "ESOP Directors."

(b) Each Note Holder Director then in office shall be entitled to cast one vote on Special Matters and amendments described in Article Eight below. The Note Holder Directors shall have no voting power with respect to any matters other than Special Matters and amendments described in Article Eight below. Each ESOP Director then if office shall be entitled to cast one vote on all matters to be considered by the Board of Directors. Approval of all matters other than Special Matters to be voted on at such time as at least one Director then in office is a Note Holder Director (and except as otherwise set forth in Article Eight below) shall require the affirmative vote of a majority of the ESOP Directors then in office, including, without limitation, any refinancing or permitted prepayment of the Seller Notes resulting in the payment in full of the Seller Notes. Notwithstanding any other provision of this Certificate of Incorporation to the contrary, the provisions of this Certificate of Incorporation requiring the approval of the Note Holder Directors shall only apply if at least one (1) Note Holder Director is then serving on the Board of Directors.

Section 4. <u>Removal</u>. Any Director or the entire Board of Directors may be removed, with or without cause, by the stockholders of the Corporation, in the manner and subject to the limitations provided by law.

Section 5. <u>Vacancies</u>. Any vacancy arising with respect to a Director shall be filled only by the stockholders of the Corporation and not by the Directors.

Section 6. <u>Place of Meetings</u>. The Board of Directors may hold meetings, both regular and special, at any place either within or without the State of Delaware. Members of the Board of Directors may participate in a meeting of the Board of Directors by means of conference

telephone or other communications equipment whereby all persons participating in the meeting can hear each other, and participation in a meeting in this manner shall constitute presence in person at the meeting.

Section 7. <u>Regular Meetings</u>. The Board of Directors shall hold a regular meeting, to be known as the annual meeting, immediately following each annual meeting of the stockholders. Other regular meetings of the Board of Directors shall be held at such time and at such place as shall from time to time be determined by the Board. No notice of regular meetings need be given.

Section 8. <u>Special Meetings</u>. Special meetings of the Board of Directors may be called by or at the request of the President. Special meetings shall be called by the Secretary on the written request of any Director, including any Note Holder Director.

Section 9. <u>Quorum</u>. At all meetings of the Board of Directors, to the fullest extent permitted by law, the Directors then in office and entitled to cast a majority of the total number of votes entitled to be cast at the meeting (based on the maximum number of votes that could be cast on any matter to be voted on at the meeting) shall constitute a quorum for the transaction of business. Except as otherwise provided herein or required by law, the vote with respect to any matter of a majority of the Directors entitled to vote with respect to such matter and who are present at a meeting at which a quorum is present shall be the act of the Board of Directors with respect to such matter. If a quorum shall not be present at any meeting of the Board of Directors, the Directors present thereat may adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present.

Section 10. <u>Organization</u>. The Chairman of the Board, if elected by the Directors, shall act as chairman at all meetings of the Board of Directors. If a Chairman of the Board is not elected or, if elected, is not present, the President or, in the absence of the President, a Vice Chairman (who is also a member of the Board and, if more than one, in the order designated by the Board of Directors or, in the absence of such designation, in the order of their election), if any, or if no such Vice Chairman is present, a Director chosen by a majority of the Directors present, shall act as chairman at meetings of the Board of Directors.

Section 11. <u>Action Without Meeting</u>. Any action required or permitted to be taken at any meeting of the Board of Directors may be taken without a meeting if all members of the Board of Directors entitled to vote thereon consent thereto in writing, or by electronic transmission, and the writing or writings or electronic transmission or transmissions are filed with the minutes of proceedings of the Board of Directors. The consents shall have the same force and effect as a unanimous vote of the

Directors entitled to vote on the matters set forth therein at a meeting duly held. The Secretary shall file the consents with the minutes of the meetings of the Board of Directors, and such filings shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

Section 12. <u>Compensation</u>. The Corporation may reimburse each Director for the expenses, if any, incurred by him in attending each meeting of the Board of Directors and may pay such compensation or retainer to the Directors as the Board of Directors may from time to time determine.

Section 13. <u>Conflicts of Interest</u>. The Corporation may enter into a transaction in which one or more of the Directors has a direct or indirect conflict of interest provided that the transaction is fair to the Corporation at the time it is authorized, approved or ratified, the material facts of the transaction and the Director's interest or relationship are disclosed or known to the Board of Directors and the transaction is approved by the affirmative votes of a majority of disinterested Directors entitled to vote on such matter, even though the disinterested Directors be less than a quorum.

BE IT RESOLVED, that it is advisable and for the benefit of the Corporation that Article Eight of the Certificate of Incorporation of the Corporation be amended to read as follows:

### ARTICLE EIGHT

### AMENDMENTS

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, in the manner now or hereafter prescribed by statute, and all rights conferred upon the stockholders herein are granted subject to this reservation; <u>provided, however</u>, if at least one (1) Director then in office is a Note Holder Designee, the provisions set forth in Article Six of this Certificate of Incorporation and this Article Eight shall not be amended, altered, changed or repealed without the prior approval of all of the Directors then in office.

BE IT RESOLVED, that it is advisable and for the benefit of the Corporation that Article Eleven of the Certificate of Incorporation of the Corporation be added as follows:

## **ARTICLE ELEVEN**

### BYLAWS

The Board of Directors is authorized to adopt, amend or repeal the Bylaws of the Corporation, but the stockholders may adopt additional Bylaws and may amend or repeal any Bylaw whether adopted by them or otherwise.

SECOND: That, in lieu of a meeting and vote, the stockholders of the Corporation by unanimous written consent adopted said amendments in accordance with the provisions of Section 228 of the General Corporation Law of the State of Delaware and written notice of the adoption of the amendment has been given as provided in Section 228 of the General Corporation Law of the State of Delaware to every stockholder entitled to such notice.

THIRD: That the aforesaid amendments were duly adopted in accordance with the applicable provisions of Sections 242 and 228 of the General Corporation Law of the State of Delaware.

IN WITNESS WHEREOF, CQ Holding Company, Inc. has caused this certificate to be signed by Jeffrey Watson, its President, this _____ day of December, 2012.

                              CQ HOLDING COMPANY, INC.


                              By_____
                                   Jeffrey Watson, President

**CQ-002954**