UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM HENSIEK, et al., | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) Case No.: Case No.: 3:20-cv-00377-DWD |
| v. | ) |
| | ) |
| BOARD OF DIRECTORS OF CQ | ) |
| HOLDING COMPANY, INC., et al., | ) |
| | ) |
| *Defendants.* | ) |

**DEFENDANT WILLIAM J. KOMAN, JR. IRREVOCABLE TRUST'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant The William J. Koman, Jr. Irrevocable Trust (and to the extent properly included in the complaint, William J. Koman, Jr. as Trustee and beneficiary) (hereafter "Moving Defendant") moves to extend its time to respond to the First Amended Class Action Complaint ("First Amended Complaint") by 60 days. In support of this motion, Moving Defendant states the following:

The Moving Defendant was served with the First Amended Complaint on April 25, 2022. *See* ECF No. 150. Pursuant to Federal Rule of Civil Procedure 12, his time to respond to that pleading was May 16, 2022. Since the Moving Defendant was served on April 25, its representatives have worked diligently to secure experienced counsel familiar with the specific area of law this litigation concerns. On May 25, 2022, the date of this motion, undersigned counsel was formally engaged to represent the Moving Defendant. Undersigned counsel has begun the process of reviewing the

1

complaint and the years-long record of this case. In order to adequately review that record and develop Moving Defendant's defenses, Moving Defendant and undersigned counsel require an extension of 60 days from the date of Moving Defendant's original response deadline to respond to the First Amended Complaint—*i.e.*, a new deadline of July 15.

Federal Rule of Civil Procedure 6(b)(2) permits the Court to extend a deadline after that deadline has passed upon a motion and for "good cause" if the moving party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(2). Whether a party acted with "excusable neglect" is an "equitable" determination that takes into account "'the danger of unfair prejudice to the nonmoving party, the length of the delay, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Brock Indus. Servs., LLC v. Laborers Int'l Union of N. Am.*, No. 16-CV-780-NJR-DGW, 2017 WL 2080989, at *1 (S.D. Ill. May 15, 2017) (quoting *Simstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016)).

For the reasons discussed above, each of these factors favors granting the present motion—indeed, Moving Defendant has not acted with any neglect at all. After being served, Moving Defendant diligently sought to engage counsel experienced in defending lawsuits brought under ERISA. That process, as well as counsel's process for ensuring it can accept the engagement, understandably took longer than the 21 days Moving Defendant is afforded to respond to the First Amended Complaint. Undersigned counsel is filing this motion on Moving

Defendant's behalf at the earliest possible time: the day counsel became formally engaged. Because the Moving Defendant (1) is filing this motion less than two weeks after the response deadline, (2) has been delayed in responding to the pleading because it has been in the process of securing counsel, and (3) has acted in good faith since being served, the Rule 6(b)(2) factors favor granting the motion. And an extension of 60 days is warranted because of the extensive, years-long record in this case, and undersigned counsel's need to review the record closely in order to adequately develop Moving Defendant's defenses.

Moreover, no prejudice to Plaintiffs would result in granting the motion. The case docket reflects that numerous other defendants added in the First Amended Complaint have not yet been served. Granting Moving Defendant an extension to respond when these other defendants' response deadlines are unknown will thus not delay this litigation or cause Plaintiffs to suffer any other prejudice. Upon service of the other new defendants and appearance of their counsel, undersigned counsel will confer with Plaintiff's counsel and counsel for those new defendants to agree upon a common response deadline for all of the defendants newly included in the First Amended Complaint.

For the foregoing reasons, the Court should grant Moving Defendant's motion for an extension of 60 days to respond to the First Amended Complaint, up to and including July 15.

Dated: May 25, 2022                                Respectfully submitted,

By: */s/ Jeffrey S. Russell*

Jeffrey S. Russell
Jacob B. Simon
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000
jsrussell@bclplaw.com
jacob.simon@bclplaw.com

***Attorneys for The William J. Koman, Jr. Irrevocable Trust***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 25, 2022 I electronically served the foregoing on all counsel of record via electronic mail.

<em>/s/ Jeffrey S. Russell</em>