IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM HENSIEK, *et al.*,<br>    Plaintiffs,<br>vs.<br><br>BD. OF DIRECTORS OF CASINO QUEEN<br>HOLDING CO., INC., *et. al.*,<br>    Defendants. | Case No. 20-cv-377-DWD |
| BD. OF DIRECTORS OF CASINO QUEEN<br>HOLDING CO., INC., *et. al.*,<br>    Crossclaim/Third-Party Plaintiffs,<br>vs.<br><br>CHARLES BIDWILL, III, *et al.*,<br>    Crossclaim/Third-Party Defendants. | |
| CHARLES BIDWILL, III,<br>TIMOTHY J RAND,<br>    Defendants/Counterclaimants,<br>    Crossclaim/Third Party Plaintiffs,<br>vs.<br><br>TOM HENSIEK, *et. al.*,<br>    Counterclaim/Crossclaim/Third-Party<br>     Defendants. | |
| JAMES G. KOMAN,<br>    Crossclaim Plaintiff,<br>vs.<br><br>BD. OF DIRECTORS OF CASINO QUEEN<br>HOLDING CO., INC., *et al.*<br>    Crossclaim Defendants. | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court are two motions: Plaintiffs' Motion to Compel Production

1

of Documents from Defendants the Board of Directors of Casino Queen Holding Company, Inc., the Administrative Committee of the Casino Queen Employee Stock Ownership Plan, Robert Barrows, Jeffrey Watson, Charles Bidwill, III, James G. Koman, and Timothy J. Rand ("Defendants") (Doc. 151). Defendants filed a response in opposition (Doc. 181), to which Plaintiffs replied (Doc. 214).

Second, is the Motion to Amend Scheduling Order (Doc. 164) brought by Defendants Board of Directors of Casino Queen Holding Company, Inc., the Administrative Committee of the Casino Queen Employee Stock Ownership Plan, the Co-Trustees of the Casino Queen Employee Stock Ownership Plan, Jeffrey Watson, Robert Barrows, James G. Koman, Charles Bidwill, III, and Timothy J. Rand (the "Moving Defendants"). Plaintiffs filed a response in opposition (Doc. 188), to which the Moving Defendants replied (Doc. 213). On July 12, 2022, Defendants Patricia M. Bidwill and Brian R. Bidwill also moved to amend the scheduling order and to join in the Moving Defendants' Motion (Doc. 258). No other parties participated in the Motion.

On July 14, 2022, the Court held a hearing on the Motions (Doc. 265). Having considered the briefing and arguments, and for the reasons stated below and on the record at the hearing, the Motions to Amend Scheduling Order (Doc. 164; Doc. 258) are **DENIED, without prejudice**. The Motion to Compel (Doc. 151) is also **DENIED, without prejudice**. The parties are further **DIRECTED** to Meet, Confer, and Report as further detailed in this Order.

## Background

On April 27, 2020, Plaintiffs filed this purported class action asserting fiduciary

and nonfiduciary claims under Section 502(a)(2) and 503(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(2) and (a)(3) related to the Casino Queen Employee Stock Ownership Plan (Doc. 1). On January 25, 2021, the undersigned denied a motion to compel arbitration filed by Defendants Charles Bidwill, III, Timothy J Rand, James G Koman, and joined by Defendants Watson, Barrows, the Board of Directors of Casino Queen Holding Company, Inc., and the Administrative Committee of Casino Queen Employee Stock Ownership Plan (Doc. 84). Defendants appealed (Doc. 85), and this matter was stayed during the pendency of the appeal (Doc. 104). On October 15, 2021, the appeal was voluntarily dismissed (Doc. 109), and the stay of proceedings was lifted (Doc. 115).

On February 10, 2022, the Court entered a scheduling and discovery order, setting the following deadlines: Discovery due by 11/1/2022; Dispositive Motions due by 6/30/2023; and Motion for Class Certification due by 9/30/2022 (Doc. 131). Thereafter, Plaintiffs filed an Amended Complaint adding multiple nonfiduciary parties (Doc. 144). In turn, many of the Defendants filed counter, cross, and third-party claims (Doc. 153, Doc. 154, Doc. 157). As of the date of this Order, some of these new parties have not been served, and many of the new claims have not yet been answered.[1] Moreover, recently at least five motions have been filed directed at the pleadings (*See* Doc. 155, 159, 231, 234, 252).

---

[1] On July 8, 2022, Plaintiffs filed a Motion to Extend Time to Serve the First Amended Complaint (Doc. 250) on some of these new defendants.

**Motion to Amend Scheduling Order**

The Moving Defendants ask the Court to bifurcate this case into two proposed phases:

> [I]n Phase I, the parties would conduct fact and expert discovery and try all aspects of all claims, counterclaims, cross claims, and third party claims, except the narrow issue of whether equitable relief is available against nonfiduciary defendants alleged to have knowingly participated in a nonexempt transaction in violation of section 1132(a)(3).
>
> In Phase II, any defendants found to have knowingly participated in a breach in violation of section 1132(a)(3) would engage in discovery and, if necessary, an evidentiary hearing to establish whether and to what extent any equitable remedies are available against them.
>
> To facilitate bifurcation, defendants would stipulate that, during Phase I summary judgment and/or trial, they will reserve any defenses related to available equitable remedies for Phase II.

(Doc. 164, pp. 2-3).

Defendants have two primary reasons for seeking bifurcation: to alleviate an alleged burden on the Court and to avoid extensive tracing discovery. Defendants argue that the equitable remedies issue is the last issue in a multi-step liability determination and is not relevant to any of the numerous other claims brought in this matter. Defendants further contend that without bifurcation they will have to undergo "a sprawling inquiry into ten years'-worth of personal financial information", and the Court will subsequently need to devote a large amount of resources to resolve the issue. Plaintiffs are amenable to a bifurcated trial (Doc. 188) but oppose bifurcating discovery, arguing that a discovery delay would cause irreversible prejudice to Plaintiffs.

Fed. R. Civ. P. 42(b) provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims or third-party claims." The decision on whether to bifurcate or to hold separate trials is left to the sound discretion of the district court. *Volkman v. Ryker*, 736 F.3d 1084, 1089 (7th Cir. 2013). However, "[t]he piecemeal trial of separate issues in a single lawsuit is not to be the usual course." *Rockett v. Renth*, No. 14-CV-687-DRH, 2016 WL 913262, at *2 (S.D. Ill. Mar. 9, 2016) (internal citations and markings omitted). "In considering bifurcation, the district court must be mindful that the Federal Rules 'should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* (citing Fed. R. Civ. P. 1). "Additionally, certain conditions must be met in order to support a motion to bifurcate. A court must determine if separate trials would prevent prejudice to a party or serve the purpose of judicial economy, though only one of these criteria need be met." *Id.* (citing *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007); *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). "After a court determines one of the criteria is satisfied, it may bifurcate the trial 'as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment.'" *Id.* (citing *Houseman*, 171 F.3d 1117).

Further, bifurcated discovery raises additional considerations. The Federal Rules do not explicitly allow for bifurcated discovery, however district courts have vast discretion in discovery matters, "including tailoring and dictating its sequence." *Abramson v. Gohealth LLC*, No. 19 C 6318, 2020 WL 5209817 (N.D. Ill. Sept. 1, 2020), at *1

5

(citing collecting cases). Many district courts have further questioned the proposition of whether bifurcated discovery actually leads to expediency or judicial economy. *Id.* at *2. Instead, many courts have observed that bifurcated discovery can actually increase costs of litigation and makes no significant decrease in terms of judicial economy. *Id.* (collecting cases); *see also In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2014 WL 12746902, at *4 (N.D. Ill. Feb. 24, 2014) ("[S]everal courts have noted that bifurcation can actually increase the costs of litigation …").

Currently the Court finds the potential harms of bifurcated discovery outweigh the potential prejudice to Defendants here. Moreover, issues related to the scope of discovery can be addressed through the Court's discovery procedures and at this time there is no reason to believe that Court could not implement appropriate instructions to mitigate potential prejudice that may arise during pre-trial proceedings or at trial. While Plaintiffs are amenable to bifurcating the limited issue of equitable relief against nonfiduciary defendants at trial, the Court finds this request to be premature considering the current posture of the case. Specifically, a handful of alleged nonfiduciary defendants have not yet been served. Moreover, many of the parties have recently filed motions directed at the pleadings. The resolution of these pending issues may impact the scope of these proceedings.

The Motions to Amend the Scheduling Order (Doc. 164; Doc. 258) are therefore **DENIED, without prejudice**. The parties are granted leave to seek bifurcation of the narrow issue of equitable relief against nonfiduciary defendants once the new defendants have been served and the motions directed at the pleadings have been ruled on.

## Motion to Compel

By their Motion to Compel, Plaintiffs seek to compel the production of multiple documents related to Plaintiffs' Third Set of Requests for Production directed at Defendants the Board of Directors of Casino Queen Holding Company, Inc., the Administrative Committee of the Casino Queen Employee Stock Ownership Plan, Robert Barrows, Jeffrey Watson, Charles Bidwill, III, James G. Koman, and Timothy J. Rand ("Defendants") (Doc. 151).[2] Defendants pose various objections to these requests, including that some of the requested documents are related to the equitable remedy of tracing, which Defendants sought to bifurcate as further detailed above. In light of the Court's denial of Defendants' Motions to Amend, and for the reasons discussed at the July 14th hearing, the Court **DIRECTS** the parties to Meet, Confer, and Report. Specifically, the parties are **ORDERED** to meet and conduct a discovery conference on or before **August 15, 2022** to discuss unresolved discovery issues. By **August 29, 2022** the parties shall submit a joint written discovery report to the Court at DWDpd@ilsd.uscourts.gov. **The report shall by signed by all parties**, and detail the date and duration of, and the medium used for the discovery conference. The report shall further identify and describe:

(1) all discovery areas or issues discussed by the parties during the discovery conference;

(2) the discovery areas or issues resolved; and

---

[2]A complete copy of the Third Request for Production of Documents and corresponding responses/objections were not supplied in the parties' briefing.

(3) the specific discovery or issues not resolved or still in dispute. For any issues not resolved or still in dispute, the parties are **DIRECTED** to specify in a clear and concise fashion the exact basis or bases for the objection to the discovery request and the proponent's response thereto. Additionally, the parties shall include copies of the complete discovery request at issue and the corresponding answer or objection.

The parties are also reminded that the Court must presumptively award expenses, including attorney's fees, to the prevailing party of discovery disputes. Fed. R. Civ. P. 37(a)(5); *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (Rule 37(a)(4) (now contained in Rule 37(a)(5)) "is a fee-shifting rule. The winner is entitled to fees unless the opponent establishes that his position was 'substantially justified.'").

The Court is also concerned by the various allegations of the appropriateness of privilege logs. The Federal Rules of Civil Procedure are specific and encompassing and, if studied and applied, more often than not supply the solution to discovery related conflicts without the Court's involvement. The parties would do well to review Rules 26 and 37 prior to seeking judicial intervention on matters specifically covered or required by the Federal Rules.

## Other Pending Issues

### A.     *Discovery and Dispositive Motion Deadlines*

The Plaintiffs' Deadline for filing a Motion for Class Certification remains set for 9/30/2022 (Doc. 131). Once class certification is decided, the Court will schedule an additional status conference with the parties to address entering a new discovery and

8

scheduling order.  Accordingly, the following current deadlines in the Court's Scheduling Order (Doc. 131) are **VACATED: Close of Fact Discovery: 11/1/2022; and Dispositive Motions due by 6/30/2023**.  These deadlines will be reset after class certification is decided.  At the status conference, the Court will also determine whether a bifurcated briefing schedule for dispositive motions may be appropriate in light of the parties' representations concerning the limited issue of equitable relief against nonfiduciary defendants alleged to have knowingly participated in a nonexempt transaction in violation of section 1132(a)(3).

Having vacated the discovery deadline, the Court observes that this directive moots some, but not all, of the issues raised in the recently filed Joint Motion to Amend Scheduling Order to Extend Discovery Deadlines for a Protective Order, to Shorten Time to Respond, and For an Expedited Hearing filed by Defendants Charles Bidwill, III, Timothy J. Rand, James G. Koman, Jeffrey Watson, Robert Barrows, the Board of Directors of Casino Queen Holding Company, Inc., and the Administrative Committee of the Casino Queen Employee Stock Ownership Plan (Doc. 261).  In the interests of judicial efficiency, the Court hereby **DENIES, without prejudice** the Joint Motion (Doc. 261).  To the extent any of the unresolved issues in that Motion relate to Plaintiff's Motion to Compel, the parties are **DIRECTED** to discuss these issues at their discovery conference.  Should any issues remain unresolved after that discovery conference, the parties shall include those specific unresolved issues in their joint discovery report submitted to the Court.  However, if the parties require any issues in the Motion (Doc.

261) to be ruled on prior to the parties' discovery conference, Defendants **SHALL** file a new motion highlighting those specific issues for the Court's consideration.

### B.  *Plaintiff's Motion for Extension of Deadline to Serve Amended Complaint*

Plaintiffs' Motion for Extension of Deadline to Serve Amended Complaint and Summonses on New Defendants (Doc. 250) is also **GRANTED**.  Fed. R. Civ. P. 4(m) permits the Court to extend the time for service for an appropriate period and for good cause shown.  *See also* Fed. R. Civ. P. 6(b); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) (the Court has broad discretion to extend deadlines).  The Court finds it appropriate to exercise its discretion here, and for good cause shown, Plaintiffs are granted leave under Fed. R. Civ. P. 4(m) to serve the New Defendants by **September 12, 2022**.

### C.  *Corrections to the Docket*

Upon review of the docket, it appears Defendant Charles Bidwill, III's name is misspelled on the docket sheet.  The Clerk of Court is **DIRECTED** to change Charles Bidwell, III to Charles Bidwill, III on the docket sheet.  Also, Defendants John & Jane Does 1-20 do not appear in the First Amended Complaint (Doc. 144).  The Clerk of Court is therefore **DIRECTED** to terminate Defendants John & Jane Does 1-20 from the docket sheet.

### D.  *Clarification on Party Defendants*

The First Amended Complaint (Doc. 144) added as a Defendant the Co-Trustees of the Casino Queen Employee Stock Ownership Plan.  The Court acknowledges that Defendants Jeffrey Watson and Robert Barrows have previously been referred to as the

10

ESOP Co-Trustees (Doc. 144, ¶ 7).  However, Defendants Watson and Barrows also remain as named Defendants in the First Amended Complaint separate from the newly named Co-Trustees (Doc. 144).  Accordingly, Plaintiffs are **DIRECTED** to file a status report with the Court by **August 15, 2022** clarifying the identities of the Co-Trustees of the Casino Queen Employee Stock Ownership Plan as named Defendants in the First Amended Complaint.

### E.     *Case Caption*

Finally, to assist with the efficiency and organization of these claims, the Court finds it appropriate to use an abbreviated case caption.  Accordingly, all future filings should use the abbreviated case style provided above. A copy of the abbreviated case caption will be attached as an exhibit to this Order for the convenience of the parties. Moreover, if a filing only pertains to one specific crossclaim, third-party action, or counterclaim, the parties are granted leave to use a further abbreviated case caption to refer only to the relevant action.  Notwithstanding the foregoing, in each document filed with the Court, counsel should use the parties' actual names or their most descriptive designations to refer to the parties in the introduction or heading of each document. Once the moving or responding parties are clearly identified, the parties may then use more generalized terms to refer to the parties as may be appropriate.

**SO ORDERED.**

Dated: July 15, 2022

_____
DAVID W. DUGAN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM HENSIEK, *et al.*,<br>　　Plaintiffs,<br>vs.<br><br>BD. OF DIRECTORS OF CASINO QUEEN<br>HOLDING CO., INC., *et. al.*,<br>　　Defendants.<br>_____<br>BD. OF DIRECTORS OF CASINO QUEEN<br>HOLDING CO., INC., *et. al.*,<br>　　Crossclaim/Third-Party Plaintiffs,<br>vs.<br><br>CHARLES BIDWILL, III, *et al.*,<br>　　Crossclaim/Third-Party Defendants.<br>_____<br>CHARLES BIDWILL, III,<br>TIMOTHY J RAND,<br>　　Defendants/Counterclaimants,<br>　　Crossclaim/Third Party Plaintiffs,<br>vs.<br><br>TOM HENSIEK, *et. al.*,<br>　　Counterclaim/Crossclaim/Third-Party<br>　　 Defendants.<br>_____<br>JAMES G. KOMAN,<br>　　Crossclaim Plaintiff,<br>vs.<br><br>BD. OF DIRECTORS OF CASINO QUEEN<br>HOLDING CO., INC., *et al.*<br>　　Crossclaim Defendants.<br>_____ | Case No. 20-cv-377-DWD |

12