## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOM HENSIEK, *et al.*,                                     )
      Plaintiffs,                                       )
vs.                                                        )     Case No. 20-cv-377-DWD
                                                           )
BD. OF DIRECTORS OF CASINO QUEEN                           )
HOLDING CO., INC., *et. al.*,                              )
      Defendants.                                       )
_____                  )
BD. OF DIRECTORS OF CASINO QUEEN                           )
HOLDING CO., INC., *et. al.*,                              )
      Crossclaim/Third-Party Plaintiffs,               )
vs.                                                        )
                                                           )
CHARLES BIDWILL, III, *et al.*,                            )
      Crossclaim/Third-Party Defendants.               )
_____                  )
CHARLES BIDWILL, III,                                      )
TIMOTHY J RAND,                                            )
      Defendants/Counterclaimants,                     )
      Crossclaim/Third Party Plaintiffs,               )
vs.                                                        )
                                                           )
TOM HENSIEK, *et. al.*,                                    )
      Counterclaim/Crossclaim/Third-Party              )
      Defendants.                                       )
_____                  )
JAMES G. KOMAN,                                            )
      Crossclaim Plaintiff,                            )
vs.                                                        )
                                                           )
BD. OF DIRECTORS OF CASINO QUEEN                           )
HOLDING CO., INC., *et al.*                                )
      Crossclaim Defendants.                           )
_____                  )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

    This matter comes before the Court on three motions:

1

The Motion for Extension of Time and to Consolidate Briefing on Motions to Dismiss (Doc. 298) and Motion to Amend/Correct the Scheduling Order (Doc. 299) filed by Plaintiffs Tom Hensiek, Jason Gill, and Lillian Wrobel; and

The Joint Motion for Extension of Time (Doc. 302) filed by Crossclaim and Third-Party Defendants the Board of Directors of Casino Queen Holding Company, the Administrative Committee of the Casino Queen Employee Stock Ownership Plan, Jeffrey Watson, Robert Barrows, James G. Koman, Timothy Rand, and Charles Bidwill, and Casino Queen, Inc. and Casino Queen Holding Company, Inc. (Doc. 302).

### Motion for Extension and to Consolidate Briefing (Doc. 298)

On August 9, 2022, Plaintiffs Tom Hensiek, Jason Gill, and Lillian Wrobel ("Plaintiffs") filed a motion titled "Consent Motion to Extend and Consolidate Plaintiffs' Deadlines to File a Brief in Opposition to Outstanding and Anticipated Motions to Dismiss" (Doc. 298).   Despite the Court's prior instructions to use the parties' actual names or their most descriptive designations in the introduction of each document (*See* Order at Doc. 266, p. 11), the Motion only refers to the "Parties" generally.  Presumably, the "Parties" referred to are those related to Plaintiffs' claims and the various deadlines at issue in the Motion.[1]  However, the Court should not be placed in a position to speculate as to the relief requested and which parties have joined or consented to that

---

[1] In paragraph 9 of the Motion, Plaintiffs represent that the following parties have consented to the requested relief:  Defendants the Bidwill Succession Trust, the William G. Koman Sr. Living Trust, the William G. Koman Jr. Irrevocable Trust, Brian Bidwill, Patricia Bidwill, Shauna Bidwill Valenzuela, Karen Hamilton, Janis Forsen, and Elizabeth Koman (Doc. 298, ¶ 9).  However, the positions of all other parties are not indicated.

2

request.   Therefore, the Court finds it appropriate to repeat its prior mandate, and reminds counsel of the following:

> [I]n each document filed with the Court, counsel should use the parties' actual names or their most descriptive designations to refer to the parties in the introduction or heading of each document. Once the moving or responding parties are clearly identified, the parties may then use more generalized terms to refer to the parties as may be appropriate.

(Order at Doc. 266, p. 11).   In the future, should this directive be ignored, the Court will strike any noncompliant filings.

Notwithstanding the foregoing, the Court finds it appropriate to review the merits of the Motion (Doc. 298).   Plaintiffs request that the Court set a consolidated briefing schedule for five pending motions to dismiss.   These motions to dismiss include:

1.   Defendant Bidwill Succession Trust[2]'s Motion to Dismiss (Doc. 231);

2.   Defendants William G. Koman Sr. Living Trust and William G. Koman Jr. Irrevocable Trust[3]'s Motion to Dismiss (Doc. 234);

3.   Defendants Brian R. Bidwill and Patricia M. Bidwill's Motion to Dismiss (Doc. 252);

4.   Defendant Shauna Bidwill Valenzuela's Motion to Dismiss (Doc. 267); and

---

[2]Defendant was named in the First Amended Complaint (Doc. 144) and appears on the docket sheet as "The Bidwill Succession Trust, its Trustee, and any beneficiaries of said Trust."   However, the corresponding Notices of Appearance (Doc. 227, Doc. 229), and Motion to Dismiss (Doc. 231) indicate that the moving party is Defendant Charles Bidwill III, in his capacity as Trustee of the Bidwill Succession Trust.

[3]Defendant was named in the First Amended Complaint (Doc. 144) and appears on the docket sheet as "The William J. Koman, Jr. Irrevocable Trust, its Trustee, and any beneficiaries of said Trust."   However, the corresponding Notices of Appearance (Doc. 166, Doc. 167), and Motion to Dismiss (Doc. 234) indicate that the moving party is Defendant William J. Koman Jr., as Trustee and beneficiary of the William J. Koman Jr. Irrevocable Trust.

5.  Defendants Elizabeth Koman[4], Karen Hamilton[5], and Janis Forsen[6]'s
    Motion to Dismiss (Doc. 319).

Plaintiffs propose the following briefing deadline: Plaintiffs' responses in opposition to the motions to dismiss shall be due by September 15, 2022, and any reply briefs shall be due by October 6, 2022.  Plaintiffs also request that they be granted leave to file a consolidated opposition brief to all five of the motions to dismiss, which would be no more than 50 pages in total.  Plaintiffs argue that consolidation would promote efficiency and reduce the burden on the Court because the motions raise similar issues and arguments.

The Court holds considerable discretion to manage its dockets, *see Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012), in addition to the Court responsibility to secure "the just, speedy, and inexpensive determination of every action and proceeding."  *See* Fed. R. Civ. P. 1.  While consolidated briefing may assist with judicial economy in certain circumstances, those circumstances are not present here.  Indeed, in reviewing the subject motions, the Court observes that there are potentially significant

---

[4]Defendant Koman was named in the First Amended Complaint (Doc. 144) and appears on the docket sheet as "Elizabeth S. Koman Irrevocable Trust, its Trustee, and any beneficiaries of said Trust."  However, the corresponding Notices of Appearance (Doc. 317, Doc. 318) and Motion to Dismiss (Doc. 319) indicate that the moving party is Defendant Elizabeth S. Koman, as beneficiary of the Trust.

[5]Defendant Hamilton was named in the First Amended Complaint (Doc. 144) and appears on the docket sheet as "Karen L. Hamilton Irrevocable Trust, its Trustee, and any beneficiaries of said Trust."  However, the corresponding Notices of Appearance (Doc. 317, Doc. 318) and Motion to Dismiss (Doc. 319) indicate that the moving party is Defendant Karen L. Hamilton, as beneficiary of the Trust.

[6]Defendant Forsen was named in the First Amended Complaint (Doc. 144) and appears on the docket sheet as "Janis A. Koman Irrevocable Trust, its Trustee, and any beneficiaries of said Trust."  However, the corresponding Notices of Appearance (Doc. 317, Doc. 318) and Motion to Dismiss (Doc. 319) indicate that the moving party is Defendant Janis Forsen, as beneficiary of the Trust.

differences between the motions filed by the individual defendants and those filed by the trust entities.  While the motions all raise arguments about the timeliness and sufficiency of Plaintiffs' claims, and the ability of the moving defendants' to be named as "parties in interest" under ERISA, some of the motions also raise potential issues concerning the proper identities of the persons or entities named in the First Amended Complaint.

Accordingly, while consolidated briefing may be more efficient for the parties, it would appear to be more burdensome for the Court.  Indeed, should a consolidated brief be allowed, the Court would be required to scour through upwards of 50-pages to dissect which discreet arguments are directed to each individual motion to dismiss.  Whereas separate responses will ensure that each argument is directed at the appropriate motion and create a clear record of each issue, regardless of whether some of the arguments may be repeated in each response.

The Motion for Extension and to Consolidate Briefing (Doc. 298) is therefore **GRANTED, in part, and DENIED, in part**.  Plaintiffs' responses to the Motions to Dismiss at Doc. 231, Doc. 234, Doc. 252, Doc. 267, and Doc. 319 shall be due by **September 15, 2022**.  The responses shall be set forth in <u>**separate filings**</u> directed at the appropriate motion.  Any reply briefs shall be filed by **September 29, 2022.**  However, before filing a reply brief, the parties should be mindful to review Local Rule 7.1 and the following directive: "[**r]eply briefs are not favored and should be filed only in exceptional circumstances**. The party filing the reply brief shall state the exceptional circumstances." SDIL-LR 7.1(c) (emphasis in original).

## Motion to Amend Scheduling Order (Doc. 299)

On August 9, 2022, Plaintiffs Tom Hensiek, Jason Gill, and Lillian Wrobel ("Plaintiffs") filed a motion titled "Joint Motion to Amend the Scheduling Order" (Doc. 299).   This Motion also refers to the "Parties" generally and provides little clarity as to the moving parties or those joining in the requested relief.   However, in a footnote, Plaintiffs state that: "Parties" refers to:

> all parties whose counsel have noticed an appearance in the above-captioned matters as of the date of this filing.   Dentons (counsel for Gaughan and Toti) was copied on all the correspondence over the last 2 weeks where parties came to agreement set forth in this motion. On July 23, Dentons agreed to most of the terms of that agreement but has not responded since July 23 to requests for all counsel consent.

(Doc. 299, n.1).

Turning to the merits of the Motion, the Court acknowledges that Plaintiffs and the consenting parties to the Motion appear to have reached an agreement concerning certain discovery deadlines and scheduling disputes.   As the parties are free to enter into most of these stipulations without the Court's intervention, *see* Fed. R. Civ. P. 29(b), and currently there are no set deadlines for the close of discovery or dispositive motions (*see* Doc. 266), the Court finds it unnecessary to amend the scheduling and discovery order to adopt those stipulations.

However, the parties' stipulations do appear to impact Plaintiffs' deadline for filing a motion for class certification.   Therefore, the Court construes the Motion as a request to extend this deadline and corresponding briefing schedule.   As set forth in the Scheduling and Discovery Order (Doc. 133), class certification briefs are due September

30, 2022 (Doc. 131-1).  Plaintiffs propose that this deadline be extended to November 1, 2022.  Considering the significant number of dispositive motions recently filed with the Court, in addition to the discovery issues being addressed by the Movants, the Court finds good cause to extend the class certification deadline.  Accordingly, the Motion to Amend Scheduling Order **(Doc. 299)** is **GRANTED, in part**, and the Scheduling and Discovery Order (Doc. 133) is amended as follows: Class certification briefs are due **November 1, 2022**; Memorandum in opposition to class certification shall be filed by **December 1, 2022**; and Reply Memorandum, if any, must be filed by **December 22, 2022**.

### Crossclaim and Third-Party Defendants' Motion for Extension of Time (Doc. 302)

By Motion dated August 15, 2022, Crossclaim Defendants, the Board of Directors of Casino Queen Holding Company (the "Board of Directors"), the Administrative Committee of the Casino Queen Employee Stock Ownership Plan (the "Administrative Committee"), Jeffrey Watson, Robert Barrows, James G. Koman, Timothy Rand, and Charles Bidwill, and Third-Party Defendants Casino Queen, Inc. and Casino Queen Holding Company, Inc., ask to extend their respective response deadlines to the crossclaims and third-party complaints and filed against them (Doc. 302).

On April 14, 2022, Plaintiffs filed their First Amended Complaint (Doc. 144) naming twenty Defendants, including seven of the moving parties: the Board of Directors, the Administrative Committee, Watson, and Barrows (hereinafter the "Board Defendants"), Bidwill, Rand, and Koman.  On May 19, 2022, these Defendants in turn

7

filed their respective answers, crossclaims, and third-party complaints (Doc. 153, Doc. 154, Doc. 157), asserting the following claims:

The Board Defendants assert contingent crossclaims against Defendants Rand, Bidwill, and Koman, and contingent third-party claims against Third-Party Defendants Michael Gaughan, Franklin Toti, Philip B. Kenny, James C. Kenny, John E. Kenny, Jr., Patrick B. Kenny, Joan Kenny Rose, and Mary Ann Kenny Smith (Doc. 153);

Defendants Bidwill and Rand assert contingent crossclaims against the Board Defendants and Defendant Koman, and contingent third-party claims against Third-Party Defendants Michael Guaghan, Franklin Toti, Casino Queen, Inc., and Casino Queen Holding Company, Inc. (Doc. 154)[7]; and

Defendant Koman asserts contingent crossclaims against the Board Defendants, and Defendants Bidwill and Rand (Doc. 157).

In addition to their crossclaims and third-party claims, Defendants Rand and Bidwill have filed a joint motion to dismiss Plaintiff's First Amended Complaint (Doc. 155). Defendant Koman also filed a Motion for Judgment on the Pleadings (Doc. 159). These motions are still pending and are under advisement with the Court.

By the instant Motion, the moving Crossclaim and Third-Party Defendants seek to extend their respective response deadlines to the crossclaims and third-party claims

---

[7]Bidwill and Rand also assert counterclaims against Plaintiffs (Doc. 154).

asserted against them.  Movants propose extending these response deadlines until after the disposition of Bidwill, Rand, and Koman's dispositive motions at Doc. 155 and Doc. 159.  Movants allege that if these dispositive motions are granted, and the claims against Rand, Bidwill, and Koman are dismissed, then the counterclaims and third-party claims asserted against them will be substantially resolved.  The Movants further represent that should the Motion be granted they will continue to participate in the discovery process.

The Court recently granted similar relief to another Third-Party Defendant, GreatBanc Trust Company (*See* Doc. 279), and finds it appropriate to do the same here.  Accordingly, for good cause shown, the Motion for Extension of Time (Doc. 302) is **GRANTED**.  **The following deadlines are hereby extended to 30-days after the later of the entry of an Order disposing of Defendant Bidwill and Rand's pending Motion to Dismiss at Doc. 155 or an Order disposing of Defendant Koman's Motion for Judgment on the Pleadings at Doc. 159:**

> Crossclaim Defendants Rand, Bidwill, and Koman's answer deadline to the Crossclaim filed by the Board of Directors, the Administrative Committee, Watson, and Barrows at Doc. 153;

> Crossclaim Defendants the Board of Directors, the Administrative Committee, Watson, Barrows, and Koman's answer deadline to the Crossclaim filed by Bidwill and Rand at Doc. 154;

> Third-Party Defendants Casino Queen, Inc., and Casino Queen Holding Company, Inc.'s answer deadline to the Third-Party Complaint filed by Bidwill and Rand at Doc. 154; and

Crossclaim Defendants the Board of Directors, the Administrative Committee, Watson, Barrows, Bidwill and Rand's answer deadline to the Crossclaim filed by Koman at Doc. 157.

Finally, a review of the docket indicates that Third-Party Defendants Casino Queen, Inc., and Casino Queen Holding Company, Inc. have not filed the required disclosures Fed. R. Civ. P. 7.1. Third-Party Defendants Casino Queen, Inc., and Casino Queen Holding Company, Inc. shall therefore file their corporate disclosure statements by **August 29, 2022**.

**SO ORDERED.**

Dated: August 23, 2022

DAVID W. DUGAN
United States District Judge