IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOM HENSIEK, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| vs. | ) | Case No. 20-cv-377-DWD |
| | ) | |
| BD. OF DIRECTORS OF CASINO QUEEN | ) | |
| HOLDING CO., INC., *et. al.*, | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| BD. OF DIRECTORS OF CASINO QUEEN | ) | |
| HOLDING CO., INC., *et. al.*, | ) | |
|     Crossclaim/Third-Party Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| CHARLES BIDWILL, III, *et al.*, | ) | |
|     Crossclaim/Third-Party Defendants. | ) | |
| _____ | ) | |
| CHARLES BIDWILL, III, | ) | |
| TIMOTHY J RAND, | ) | |
|     Defendants/Counterclaimants, | ) | |
|     Crossclaim/Third Party Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| TOM HENSIEK, *et. al.*, | ) | |
|     Counterclaim/Crossclaim/Third-Party | ) | |
|      Defendants. | ) | |
| _____ | ) | |
| JAMES G. KOMAN, | ) | |
|     Crossclaim Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| BD. OF DIRECTORS OF CASINO QUEEN | ) | |
| HOLDING CO., INC., *et al.* | ) | |
|     Crossclaim Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiffs Tom Hensiek, Jason Gill, and Lillian Wrobel bring this action pursuant

1

to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001-1461 ("ERISA"), on behalf of a proposed class of participants and beneficiaries in the Casino Queen Employee Stock Ownership Plan, an ERISA-protected retirement plan.

In April 2022, Plaintiffs filed an amended complaint, adding several new defendants whom Plaintiffs claim were former shareholders of CQI and "parties in interest" under 29 U.S.C. § 1002(14) (Doc. 144, ¶¶ 64-66). Plaintiffs allege that these parties engaged in prohibited transactions in violation of 29 U.S.C. § 1106(a) and received proceeds from the prohibited transactions which Plaintiffs seek to reclaim (Doc. 144, ¶¶ 198-212). Now before the Court are several Motions to dismiss filed by these new parties:

1. **Doc. 231**: Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7) brought by Defendant Charles Bidwill, III as Trustee of the Bidwill Succession Trust;

2. **Doc. 234** Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) brought by Defendants the William J. Koman Jr. Irrevocable Trust and the William J. Koman, Sr. Living Trust;

3. **Doc. 252**: Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) brought by Defendants Patricia Bidwill and Brian Bidwill;

4. **Doc. 267**: Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by Defendant Shauna Valenzuela;

5. **Doc. 319**: Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(6) brought by Defendants Janis Koman n/k/a Janis Forsen, Karen Koman, and Elizabeth Koman as Beneficiaries of the Janis A. Koman Irrevocable Trust, Karen L. Hamilton Irrevocable Trust, and the Elizabeth S. Koman Irrevocable Trust;

6. **Doc. 327**: Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) brought by Defendants the James G. Koman Irrevocable Trust, and Gregory Smith, the Trustee of the James G. Koman Irrevocable Trust;

7. **Doc. 362**: Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) brought by

Defendants the Janis A. Koman Irrevocable Trust, Karen L. Hamilton Irrevocable Trust, the Elizabeth S. Koman Irrevocable Trust, and Peter Hamilton, as the Trustee of the Janis A. Koman Irrevocable Trust, Karen L. Hamilton Irrevocable Trust, and the Elizabeth S. Koman Irrevocable Trust; and

8. **Doc. 395**: Plaintiffs' Motion to Withdraw Defendants Bidwill Kasino Trust, its Trustee, and any Beneficiaries of said Trust, and the Beneficiaries of the Bidwill Succession Trust.

Periodically throughout this Order, the Court will refer to these Defendants collectively as the "Moving Defendants" or "Selling Shareholders."

<u>Background</u>

The allegations in Plaintiffs' Amended Complaint (Doc. 144) are more fully described in the Court's Order disposing of the Motion to Dismiss (Doc. 155) and Motion for Judgment on the Pleadings (Doc. 159) filed by Defendants Charles Bidwill III, Timothy J. Rand, and James G. Koman.  Thus, in this Order, the Court will only highlight those allegations particularly relevant to the Moving Defendants.

Plaintiffs are former employees of Casino Queen Hotel & Casino, and participants and beneficiaries of the Casino Queen Employee Stock Ownership Plan ("ESOP"). Plaintiffs allege that the ESOP's fiduciaries committed multiple ERISA violations related to two transactions generally referred to as the 2012 Stock Purchase and 2013 Asset Sale (Doc. 144).

The Moving Defendants are alleged family members (or trust-related entities set up to benefit family members) of the five founding family groups of Casino Queen, Inc. ("CQI") and its subsequent holding company, Casino Queen Holding Company, Inc. ("CQH") (Doc. 144, ¶¶ 2, 72).   These groups included persons from the Bidwill family,

the Rand family, the Koman family, the Kenny family, and the Gaughan/Toti group (Doc. 144, ¶ 2).  Prior to the transactions at issue in this case, each of the five family groups owned an equal portion of CQI (20%) and controlled one of the five director seats on the CQI Board (Doc. 144, ¶¶ 2, 72).  The Moving Defendants are alleged to be connected to the Koman and Bidwill family groups with James Koman and Charles Bidwill III serving as their designated CQI Board Member (Doc. 144, ¶ 73).  Each of the Moving Defendants also owned a percentage of CQI, ranging from 0.88% to 10.200% (Doc. 144, ¶ 65).

From 2005 to 2011, the Moving Defendants, along with the other Selling Shareholders[1], attempted to sell Casino Queen to various third parties but were not successful.  Thus, in 2012 and 2013, the Selling Shareholders sold the Casino Queen and its assets in four general steps, which are more fully detailed in the Court's prior orders.  Relevant to the Moving Defendants, in October 2012, they, and the other Selling Shareholders, created Casino Queen Holding Company, Inc. ("CQH"), a holding company for CQI (Doc. 144, ¶ 79).  The Selling Shareholders then exchanged their CQI stock for CQH stock and placed three former CQI Board Members on the newly formed CQH Board (*Id.*).  These board members included James Koman and Charles Bidwill III (Doc. 144, ¶¶ 41-42).

Then, in December 2012, the Selling Shareholders, acting in coordination with their

---

[1] These Defendants include Timothy Rand, the William J. Koman, Sr. Living Trust, Charles Bidwill, the James C. Koman Irrevocable Trust, the William J. Koman Irrevocable Trust, the Bidwill Sucession Trust, the Bidwill Kasino Trust, Mary C. Bidwill, Brian R. Bidwill, Patricia M. Bidwill, Shawna Bidwill-Valenzuela, the Karen L. Hamilton Irrevocable Trust, the Janis A. Koman Irrevocable Trust, the Elizabeth S. Koman Irrevocable Trust, and James G. Koman (Doc. 144, ¶¶ 65-66).  Defendants Charles Bidwill, Rand, James Koman, Watson, and Barrows are alleged to be fiduciaries of the ESOP (Doc. 144, ¶ 203).

family's CQH Board Member, established the Casino Queen Employee Stock Ownership Plan (the "ESOP"), and facilitated the ESOP's purchase of their then-outstanding CQH stock for a sum of $170 million (Doc. 144, ¶ 81). To facilitate the stock purchase, the ESOP borrowed $130 million in secured debt from Wells Fargo, $15 million from a third party, and $25 million from the Moving Defendants and the other Selling Shareholders (*Id.*). CQH guaranteed the debt which significantly increased its debt load (Doc. 144, ¶¶ 80, 115-116). Plaintiffs allege that the Selling Shareholders' loans made to the ESOP carried "draconian interest rates as high as 17.5%." (Doc. 144, ¶ 6). This transaction is generally referred to as the "2012 Stock Purchase."

Finally, in 2013, the ESOP sold Casino Queen's real property to a third-party, Gaming and Leisure Properties, Inc. ("GLPI") for $140 million (Doc. 144, ¶¶ 127-129). CQH then leased the same property back from GLPI for $210 million, to be paid over 15 years. This transaction is generally referred to as the "2013 Asset Sale." The asset sale provided CQH and the ESOP with cash to pay off the ESOP's outstanding loans owed to the Selling Shareholders (Doc. 144, ¶¶ 134-135). Plaintiffs maintain that the Selling Shareholders' loans were fully repaid in 2014, and shortly thereafter, Defendants Bidwill and Koman relinquished their CQH Board memberships (Doc. 144, ¶¶ 145-46).

Plaintiffs allege that the 2012 Stock Purchase and 2013 Asset Sale were conducted in violation of the ESOP's fiduciaries' duties under ERISA. Specifically, as to the 2012 Stock Purchase, Plaintiffs allege that the ESOP paid significantly more than fair market value for the stock, which was the ESOP's only asset. Plaintiffs maintain that the price the ESOP paid for the CQH stock was dramatically inflated based on financial projections

of Casino Queen's future profitability.  They further contend that the Board of Directors knew or should have known this price was unrealistic because the Selling Shareholders had tried unsuccessfully for years to sell Casino Queen, and because Defendants knew that Casino Queen's revenue had dropped significantly due to the decreasing market share it held as more competitors grew in the area (Doc. 144, ¶¶ 108-111).  Further, as for the 2013 Asset Sale, Plaintiffs claim this sale was based on unfavorable financial terms for the ESOP, and made, at least in part, to pay off the Selling Shareholder's loans to the ESOP (Doc. 144, ¶ 144).  Plaintiffs contend this sale "left Casino Queen as a shell of a company that did not own any real property assets and which did not have sufficient cash flow to service its remaining debts."  (Doc. 144, ¶ 144).

In Count 1, Plaintiffs seek to reclaim the proceeds the Selling Shareholders received from the prohibited transactions they engaged in or received benefits from (Doc. 144, ¶¶ 198-212).  Here, Plaintiffs allege that at least three ESOP transactions involving the Selling Shareholders were prohibited transactions in violation of 29 U.S.C. § 1106(a). This Section prohibits certain kinds of transactions between a plan and a "party in interest", including transactions that constitute a "direct or indirect --

> (A) sale or exchange, or leasing, of any property between the plan and a party in interest;
>
> (B) lending of money or other extension of credit between the plan and a party in interest;
>
> (C) furnishing of goods, services, or facilities between the plan and a party in interest;
>
> (D) transfer to, or use by or for the benefit of a party in interest of any assets of the plan; or

(E) acquisition, on behalf of the plan, of any employer security or
employer real property in violation of section 1107(a) of this title.

29 U.S.C. § 1106(a)(1)(B). Plaintiffs contend that the following were prohibited

transactions under Section 1006: the ESOP's purchase of the Selling Shareholders' CQH

stock in 2012, the Selling Shareholder's subsequent loans to the ESOP "at draconian

interest rates", and the individual payments the Selling Shareholders received in

connection with the repayment of their loans (Doc. 144, ¶¶ 6, 205-207).

Plaintiffs maintain that every Selling Shareholder is a party in interest under

ERISA because each Selling Shareholder was either "a member of the CQH Board of

Directors, a 10% or more shareholder, a family member of a Board member or 10%

shareholder [i.e., Defendant James Komen or Charles Bidwill], a trust in which 50% or

more of the beneficial interest is owned directly or indirectly by such persons, or

otherwise a party in interest" as defined in 29 U.S.C. § 1002(14) (Doc. 144, ¶¶ 65-66, 203-

204). Plaintiffs further allege that each Selling Shareholder "had actual or constructive

knowledge" of the circumstances rendering these transactions unlawful because they

knew:

> (a) that CQI had received at least 6 prior offers to purchase the Company
> on worse terms than those paid in the ESOP Transaction,
>
> (b) that the valuation supporting the 2012 ESOP Transaction was the
> product of improper, incomplete, unconsidered, and misleading
> information, and
>
> (c) that the interest rates on the loan the Selling Shareholders made to the
> ESOP through the shell Corporation CQH were unreasonably high.

(Doc. 144, ¶ 66). Additionally, Plaintiffs allege that each "non-fiduciary" Selling

Shareholder "participated in the ongoing efforts to actively conceal the details and effects of the 2012 Transaction from the ESOP participants" by requesting their family representative to provide inaccurate information regarding the ESOP to participants, include incomplete information in the Company's Form 5500s, and prepare and disseminate inaccurate annual account balance statements to the ESOP participants (Doc. 144, ¶¶ 66, 151, 154, 177).

## Legal Standard

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp.*, 550 U.S. at 555). The court will accept all well-pleaded allegations as true. *Ashcroft*, 556 U.S. at 678. However, the court need not accept legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Ashcroft*, 556 U.S. at 677–78). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face," rather than providing allegations that do not rise above the speculative level. *Arnett*, 658 F.3d at 751–52 (internal quotations and citation omitted).

## Discussion

### I.      Doc. 395: Plaintiffs' Motion to Withdraw

Before addressing the Moving Defendants' Motions, Plaintiffs separately moved to withdraw the following Defendants from this action: the Beneficiaries of the Bidwill Succession Trust, and the Bidwill Kasino Trust, its Trustee, and any of its beneficiaries (Doc. 395). To date, no appearances have been made on behalf of any of these Defendants. In support of their Motion, Plaintiffs represent that their discovery efforts have confirmed that the Beneficiaries of the Bidwill Succession Trust are deceased, and that the Kasino Trust was never formed or funded. Thus, Plaintiffs argue that it is appropriate to drop these improperly joined Defendants pursuant to Fed. R. Civ. P. 21 (Doc. 395). Plaintiffs also assert that the withdrawal or dismissal of these defendants will not affect the rights or standing of any Plaintiffs, any members of the proposed class, or any of the Defendants.

The Court may dismiss improperly joined defendants on just terms "if doing so will not prevent the plaintiff from timely refiling those claims." *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). No parties have filed a response or objection to Plaintiffs' Motion to Withdraw. Local Rule 7.1 provides that the "[f]ailure to timely file a response to a motion, may in the Court's discretion, be considered an admission of the merits of the motion." The Court finds it appropriate to exercise its

discretion here, and **GRANTS** Plaintiffs' Motion to Withdraw (Doc. 395). Plaintiffs' claims against Defendants the Beneficiaries of the Bidwill Succession Trust, the Bidwill Kasino Trust, the Trustee of the Bidwill Kasino Trust, and any Beneficiaries of the Bidwill Kasino Trust are **DISMISSED, without prejudice**.

## II. Docs. 231, 234, 252, 267, 319, 327, 362: Party-In-Interest Defendants

Plaintiffs maintain that the Moving Defendants are subject to equitable remedies under 29 U.S.C. § 1132(a)(3) (Doc. 144, ¶ 212), which permits participants to obtain "appropriate equitable relief" from parties, including nonfiduciaries, who participate in the ERISA violation. *See* 29 U.S.C. § 1132(a)(3); *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000); *Godfrey v. Greatbanc Tr. Co.*, No. 18 C 7918, 2019 WL 4735422, at *7 (N.D. Ill. Sept. 26, 2019). To state a claim under § 1132(a)(3), Plaintiffs must plausibly allege that "a fiduciary violated a substantive provision of ERISA and the nonfiduciary knowingly participated in the conduct that caused the violation." *Godfrey*, 2019 WL 4735422, at *7 (citing *Daniels v. Bursey*, 313 F. Supp. 2d 790, 808 (N.D. Ill. 2004)); *in accord Halperin v. Richards*, 7 F.4th 534, 553, n.3 (7th Cir. 2021) (citing favorably to *Daniels*' extension of *Harris* to § 502(a)(3) participation claims).

"'Knowing' in this context means 'actual or constructive knowledge of the circumstances that rendered the transaction unlawful.'" *Godfrey*, 2019 WL 4735422, at *7 (citing *Harris Trust and Sav. Bank*, 530 U.S. at 251). "'Participation' means assisting or facilitating the fiduciary's breach.'" *Godfrey*, 2019 WL 4735422, at *7 (citing *Daniels*, 313 F. Supp. 2d at 808) ("Under *Harris* a claim under § 502(a)(3) against a nonfiduciary essentially asserts that the nonfiduciary aided and abetted the fiduciary's breach.")).

10

With minimal exceptions the Moving Defendants all raise overlapping arguments. They do not, however, specifically dispute the sufficiency of Plaintiffs' allegations concerning the substantive ERISA breaches or the alleged involvement of the fiduciaries in those transactions.  Instead, Defendants maintain that Plaintiffs' claims are barred by the applicable statute of limitations.  Defendants further challenge their alleged statuses as parties in interest, and their personal knowledge of the alleged unlawful activity. Before addressing these specific arguments, the Court will first resolve an issue raised by some of the trust-related defendants concerning Plaintiffs' naming of both the Trust Defendants and their respective Trustees as separate Defendants.

### A.     Trust Defendants

Plaintiffs sue eight trust entities, along with their respective Trustees and beneficiaries as separate Defendants.   Some of the Trustees have objected to this nomenclature and seek to dismiss the Trust entities on this basis.  Indeed, in Illinois, a trust "possesses a distinct legal existence", and normally can only "sue or be sued through its trustee in a representative capacity on behalf of the trust."  *Sullivan v. Kodsi*, 359 Ill. App. 3d 1005 (2005); *see also Trustees of Carpenters' Health & Welfare Tr. Fund of St. Louis v. Darr*, 694 F.3d 803, 811 (7th Cir. 2012) (in Illinois "trustees in their representative capacity are the same entity as the trust.").

However, none of the objecting defendants have argued that the relevant trusts lack capacity to be sued under Fed. R. Civ. P. 17.   Further, state law controls whether a party has the capacity to be sued, *see* Fed. R. Civ. P. 17(b)(3), and at this stage of the litigation, the parties have not alleged where the trusts were formed or what state law

applies to them.  Nor do capacity issues need to appear on the face of the complaint.  *See Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996) (capacity issues can be forfeited if not raised in a responsive pleading).  Therefore, at this juncture, the Court finds that the naming of both the Trust and Trustee as separate Defendants is, at worst, redundant.  But mere redundancy is not enough to "to trigger the full dismissal of a party from a case." *See, e.g.*, *Mordi v. Zeigler*, No. 11-CV-0193-MJR, 2012 WL 2577488 (S.D. Ill. July 3, 2012) (redundancy arguments are best presented in a motion under Fed. R. Civ. P. 12(f), which allows the Court to strike redundant matters from a pleading).

Moreover, Plaintiffs suggest that it is appropriate to keep the named trust entities as separate parties, in addition to their Trustees, because the Trusts have been sued "purely as a means of facilitating collection" and will not substantially alter the liability of the Trustees (Doc. 350) (citing *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1061 (S.D. Ill. 2006) (reasoning that certain nominal defendants who have "possession of the funds which are the subject of litigation … must often be joined purely as a means of facilitating collection" despite having no interest in the subject matter litigated) (internal citations omitted)).  At the motion to dismiss stage, the Court tests only the sufficiency of the complaint, and does not decide the merits. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985).  Thus, dismissal is only appropriate if "it appears beyond doubt that [Plaintiffs] cannot prove any facts that would support [their] claim for relief." *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999); *see also* Hishon, 467 U.S. at 73; *Boeckman v. A.G. Edwards, Inc.*, 461 F. Supp. 2d 801, 818 (S.D. Ill. 2006) ("[It] need not

appear that the plaintiff can obtain the particular relief prayed for in the complaint, as long as the district judge can ascertain from what has been alleged that some relief may be granted by the court.") (internal citations omitted).  Here, the Court cannot say that it is beyond doubt that Plaintiffs cannot prove any set of facts to support their claims. Therefore, dismissal on this basis is not appropriate.

The Court turns next to the arguments presented by all Moving Defendants.

### B.      Statute of Limitations

ERISA does not provide a specific statute of limitations for 29 U.S.C. § 1132(a)(3) claims, thus courts look to the "most appropriate" limitations period "based upon the most analogous cause of action under the laws of the forum state."  *See Jenkins v. Loc. 705 Int'l Bhd. of Teamsters Pension Plan*, 713 F.2d 247, 251 (7th Cir. 1983).  Defendants argue that the most analogous Illinois cause of action to an ERISA prohibited transaction is an action for conversion, which carries a five-year limitations period from the date of the alleged unlawful conversion.  *See* 735 Ill. Comp. Stat. Ann. 5/13-205.  Therefore, Defendants contend that Plaintiffs' prohibited transaction claims accrued on the date of the 2012 Stock Transfer and expired long before Plaintiffs filed their lawsuit in 2020.

Defendants also maintain that Plaintiffs have failed to allege any facts constituting concealment so to invoke a tolling exception for fraudulent concealment.  *See, e.g.,* 735 Ill. Comp. Stat. Ann. 5/13-215 ("If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards."). Defendants argue

that this exception requires Plaintiffs to plead particular facts akin to those required under Fed. R. Civ. P. 9(b). *See, e.g.*, *Hagney v. Lopeman*, 147 Ill. 2d 458 (1992) (plaintiff must show affirmative acts by the defendant to conceal the cause of action); *United States v. Molina Healthcare of Ill., Inc.*, 17 F.4th 732, 739 (7th Cir. 2021) (Fed. R. Civ. P. 9(b) generally requires allegations of the "who, what, when, were, and how" of the fraud).

Plaintiffs dispute that conversion is the most analogous Illinois cause of action here, and instead argue that Illinois' "catch-all" limitations period for civil claims should apply (Docs. 349, 352, 353). This limitations period is also five years. *See* 735 Ill. Comp. Stat. Ann. 5/13-205 ("all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."). Nevertheless, Plaintiffs argue that regardless of the applicable state limitations period, federal common law governs when their claims accrue. In *Young v. Verizon's Bell Atl. Cash Balance Plan*, 615 F.3d 808 (7th Cir. 2010), the Seventh Circuit instructed that "[a]lthough federal courts borrow state limitations periods for certain ERISA claims, the accrual of those claims is governed by federal common law." Thus, "[o]nce an unlawful action is taken, a claim accrues when the putative plaintiff discovers the injury that results." *Id.*

Plaintiffs allege that they did not discover their injuries until October 2019 after receiving account statements showing a 95% drop in the value of their Casino Queen Stock (Doc. 144, ¶¶ 30, 35, 39). Thus, they argue that their claims accrued in October 2019, and are therefore timely under either state limitations period without needing to invoke the fraudulent concealment provisions of 735 Ill. Comp. Stat. Ann. 5/13-205. Alternatively, Plaintiffs maintain that their claims are sufficiently pled under Fed. R. Civ.

P. 9(b) so to invoke the Illinois state theories of equitable tolling or fraudulent concealment (Doc. 349).

As the Court has previously instructed, the statute of limitations is an affirmative defense which Plaintiffs are not required to plead around (Doc. 118) (citing *Resnick v. Schwartz*, No. 17 C 04944, 2018 WL 4191525, at *6 (N.D. Ill. Sept. 3, 2018), *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012), *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)). While Defendants maintain that the statute of limitations defense is clear on the pleadings, the Court disagrees, particularly with the conflicting theories concerning Plaintiffs' knowledge of their claims and Defendants' involvement in the ESOP Transactions. Indeed, the Amended Complaint plausibly alleges that Plaintiffs did not learn of their injuries until October 2019, and that Defendants continued to be involved with the management of Casino Queen and the fiduciaries' concealment efforts until at least 2014 when their loans were fully repaid, and possibly after (Doc. 144, ¶ 145). Thus, applying the Seventh Circuit's instructions in *Young*, it is not clear that Plaintiffs' claims as pled are barred by the proposed limitations period regardless of the application of a heightened pleading standard. *See, e.g.*, *Brooks, 578 F.3d at 579* ("the statute of limitations may be raised in a motion to dismiss if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.").

Some Defendants also point to various news articles from December 2012 to argue that Plaintiffs could have reasonably discovered their claims long before 2019 (Doc. 358-1). However, even if the Court found it appropriate to take judicial notice of these articles

at this stage, the fact that these articles existed in 2012 do not conclusively establish that Plaintiffs were on notice of the terms of these transactions to defeat the accrual allegations in the Complaint. Instead, these arguments are more appropriately suited for a motion under Fed. R. Civ. P. 56.

Nevertheless, even if heightened pleading standards applied, the Court is satisfied that Plaintiffs have pled fraudulent concealment with enough particularity at this stage of the litigation. Plaintiffs point to Defendants' continued participation in the concealment of the ERISA violations after the ESOP Transaction, by their actions to coordinate and influence their relatives, Defendant Bidwill, Koman, or Rand, and their continued management of the Casino Queen. Specifically, Plaintiffs allege that Moving Defendants coordinated with their family representatives to misrepresent the value of their stock and not disclose accurate terms of the ESOP Transaction, in part, to allow the Defendants to expedite the payout of their multi-million-dollar loans from the ESOP Transaction (Doc. 144, ¶¶ 17, 151, 73, 141, 173). If Defendants wish to argue that these actions did not in fact conceal Defendants' breaches, they may pursue their theory in discovery. However, at this stage, the Court is satisfied with the adequacy of the allegations of fraud as plead.

### C.    *Parties in Interest* **and** *Actual Knowledge*

Defendants also argue that Plaintiffs failed to allege that they are parties in interest under 29 U.S.C. § 1002(14) or that they had actual knowledge of any alleged unlawful activity. Section 1002(14) defines the term "party in interest" as:

(A)    any fiduciary (including, but not limited to, any administrator,

officer, trustee, or custodian), counsel, or employee of such employee benefit plan;

. . .

(F)    a relative (as defined in paragraph (15)) of any individual described in (A), (B), (C), or (E);

(G)    [. . .] a trust or estate of which (or in which) 50 percent or more of—
(i) the combined voting power of all classes of stock entitled to vote or the total value of shares of all classes of stock of such corporation,

(ii) the capital interest or profits interest of such partnership, or

(iii) the beneficial interest of such trust or estate, is owned directly or indirectly, or held by persons described in subparagraph (A), (B), (C), (D), or (E).

As mentioned above, in their complaint, Plaintiffs alleged that that every Moving Defendant is a party in interest "because they were either a CQH Board Member, a 10% or more shareholder, a family member of a CQH Board Member or 10% shareholder, a trust in which 50% or more of the beneficial interest is owned directly or indirectly by such persons, or otherwise met the definition of party in interest." (Doc. 144, ¶ 65). Defendants complain that Plaintiffs did not specifically articulate which subsection of Section 1102(14) they allegedly fit under. However, in construing the allegations in the Complaint broadly, the Complaint plausibly alleges that the individual non-fiduciary defendants are parties in interest under 29 U.S.C. § 1002(14)(F) as relatives of a fiduciary, and that the trust related defendants are parties in interest under 29 U.S.C. § 1002(14)(G) (Doc. 144, ¶¶ 65-66). The complaint also plausibly alleges that each Defendant had the requisite knowledge to survive dismissal.

    1.    **Brian C. Bidwill, Patricia M. Bidwill, and Shauna Bidwill-Valenzuela**

Plaintiffs allege that the individual non-fiduciary defendants, Brian C. Bidwill,

Patricia M. Bidwill, and Shauna Bidwill-Valenzuela, each sold a 2.00% ownership interest to the ESOP and were family members of Defendant Charles Bidwill, a fiduciary of the ESOP (Doc. 144, ¶¶ 65-66).[2]   Thus, the Complaint plausibly suggests that Defendants Brian C. Bidwill, Patricia M. Bidwill, and Shauna Bidwill-Valenzuela are parties in interest as relatives of a fiduciary under 29 U.S.C. § 1002(14)(F).   Apart from a general familial relationship, the Complaint does not specify the exact relationship Defendants share with Charles Bidwill.   However, in their briefing, the parties represent that Defendants are Charles Bidwill's siblings (Docs. 352, 353).   Therefore, Defendants argue that they are not relatives under 29 U.S.C. § 1002(14)(F) because siblings are not incorporated into the definition of "relatives" in 29 U.S.C. § 1002(15).

Section 1002(15) defines "relative" as "a spouse, ancestor, lineal descendant, or spouse of a lineal descendant."   Defendants argue that siblings are not considered ancestors or lineal descendants under the plain language of this section.   Plaintiffs, however, contend that a sibling relationship qualifies under 29 U.S.C. § 1002(14)(F) because siblings share a common ancestor (Doc. 353).   Alternatively, Plaintiffs postulate that including a sibling relationship in the definition of relative is consistent with Congress' intent in defining "party in interest" so it encompasses "those entities that a fiduciary might be inclined to favor at the expense of the plan's beneficiaries."  *See Harris Trust and Sav. Bank*, 530 U.S. at 242.

The Court acknowledges that the parties do not dispute the specifics of

---

[2] The parties do not dispute, and the allegations in the Complaint support an inference, that Defendant Charles Bidwill was a fiduciary of the ESOP under 29 U.S.C. § 1002(14)(A).

Defendants' sibling relationship with Bidwill.  However, the parties have not established how the Court can appropriately consider these representations at this motion to dismiss stage because that fact is outside the pleadings. *See, e.g., Greenberg v. Boettcher & Co.*, 755 F. Supp. 776, 778 (N.D. Ill. 1991) ("In considering the sufficiency of [Plaintiffs'] complaint on this motion to dismiss, the court is limited to the pleadings."). The complaint does not specify that Defendants are siblings of Defendant Bidwill, it merely alleges that they are family members of a "him", a plan fiduciary (Doc. 144, ¶ 66).

While Plaintiffs are granted more flexibility in asserting new facts in their briefing for illustration purposes, *see, e.g., Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012), even if the Court considered Defendants' sibling relationship with Charles Bidwill, the Court finds this allegation sufficient to plausibly allege Defendants are relatives under 29 U.S.C. § 1102(15) at this stage. The Court is only aware of one district court opinion resolving this issue.  *See Spires v. Sch.*, 271 F. Supp. 3d 795, 806–07 (D.S.C. 2017) ("Siblings are not considered relatives of parties-in-interest").  However, that opinion provided no specific analysis of its finding, and the Court is not aware of any binding precedent analyzing this exact issue.  Accordingly, the Court finds these arguments more appropriately for summary judgment.  *See, e.g. Boeckman*, 461 F. Supp. 2d at 818.

Notwithstanding the foregoing, Plaintiffs also argue that Defendants are appropriate parties to this action as "other persons" under § 1132(a)(3) after *Harris Trust*. *See Harris Trust and Sav. Bank*, 530 U.S. at 248–249 ("a participant . . . may bring suit against an 'other person' under … subsection (a)(3)."); *in accord Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 916 (7th Cir. 2013) (*Harris Trust* concluded that "nonplan defendants

are subject to suit under § 1132(a)(3)").  Thus, at this stage, the Court cannot say that it is beyond doubt that Plaintiffs cannot prove any facts that would support their claims, and dismissal is not appropriate on this basis.  *Hentosh*, 167 F.3d at 1173.

Plaintiffs also plausibly allege that Defendants knowingly participated in the ERISA violations.  Plaintiffs allege that Defendants "had knowledge of and participated in the ongoing efforts to actively conceal the details and effects of the 2012 Transaction from the ESOP participants" by requesting Bidwill to provide inaccurate information regarding the ESOP to participants (Doc. 144, ¶¶ 66, 151), coordinating with Bidwill to participate in the inclusion of inaccurate and incomplete information in the Company's Form 5500s (Doc. 144, ¶ 154), and directing Bidwill to prepare and disseminate inaccurate annual account balance statements to the ESOP participants (Doc. 144, ¶ 177).  These allegations are sufficient to survive dismissal.  Whether Plaintiffs can ultimately prevail under their theory is a separate question not currently before the Court.  *See, e.g.*, *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011); *Brooks v. FedEx Supply Chain, Inc.*, No. 319CV00014NJRMAB, 2019 WL 1746264, at *3 (S.D. Ill. Apr. 18, 2019) ("a motion to dismiss does not test whether a plaintiff will ultimately prevail—it merely tests the sufficiency of the complaint.").

### 2.    Charles Bidwill, as Trustee of the Bidwill Succession Trust[3]

The Amended Complaint also plausibly alleges that the Bidwill Succession Trust, acting through its Trustee, is a party in interest under 29 U.S.C. § 1102(14)(G) as a trust in

---

[3] The Trustee also advanced arguments concerning the beneficiaries of the Bidwill Succession Trust. However, as those Defendants have been dismissed, the Court will not address those arguments here.

which 50 percent of more of the beneficial interest of the trust is "owned directly or indirectly, or held by" an ESOP fiduciary.  Although Plaintiffs' allegations are not very specific, it can be reasonably inferred from the allegations in the Complaint that the Bidwill Succession Trust is one in which a 50 percent or more beneficial interest is owned directly, or indirectly, by Charles Bidwill, an alleged fiduciary (Doc. 144, ¶¶ 64-66). Again, whether Plaintiffs can ultimately prevail under this theory is a separate question not currently before the Court.  But, when construing the facts in the light more favorable to Plaintiffs, a reasonable inference can be drawn that the Bidwill Succession Trust is a party in interest under 29 U.S.C. § 1102(14)(G).

The complaint also plausibly alleges that the Bidwill Succession Trust, through its Trustee had knowledge of the circumstances that rendered the ESOP transactions unlawful through the Trust's participation in the ESOP transactions and the Trustee's relationship with the ESOP fiduciaries (Doc. 144, ¶¶ 66, 151, 154, 177). Further, Bidwill's argument that he only held knowledge of the ERISA violations in his personal capacity, and not in his capacity as the Trust's Trustee, is unpersuasive at this stage. *See, e.g.*, *In re Madoff*, 542 B.R. 100, 114–115 (Bankr. S.D.N.Y. 2015) ("A trust can be attributed with the knowledge of the individual or entity by which it is controlled or dominated.") (internal citations and markings omitted).  Thus, Plaintiffs' allegations are sufficient to survive dismissal here.

**3.     The William J. Koman Jr. Irrevocable Trust, William J. Koman, Sr. Living Trust, James G. Koman Irrevocable Trust, Gregory Smith as the Trustee of the James G. Koman Irrevocable Trust, Janis A. Koman Irrevocable Trust, Karen L. Hamilton Irrevocable Trust, Elizabeth S. Koman Irrevocable Trust, and Peter Hamilton, as the Trustee of the Koman Sister Trusts[4]**

The arguments presented by the William J. Koman Jr. Irrevocable Trust, the William J. Koman Sr. Living Trust, the James G. Koman Irrevocable Trust, and the Koman Sister Trusts fail for the same reasons as the Bidwill Succession Trust's arguments. Indeed, the Amended Complaint plausibly alleges that the these Trusts, acting through their Trustees, are parties in interest under 29 U.S.C. § 1102(14)(G) as a trust in which 50 percent of more of the beneficial interest of the trust is "owned directly or indirectly, or held by" an ESOP fiduciary.  Again, although Plaintiffs' allegations are not very specific, it can be reasonably inferred from the allegations in the Complaint that the Koman family trusts are trusts in which a 50 percent or more beneficial interest is "owned directly or indirectly, or held by" James Koman, an alleged fiduciary (Doc. 144, ¶¶ 64-66, n.3).[5] Whether Plaintiffs can ultimately prevail under this theory is a separate question not currently before the Court.

The complaint also plausibly alleges that the Trusts, through their Trustees had knowledge of the circumstances that rendered the ESOP transactions unlawful through the Trust's participation in the ESOP transactions and the Trustee's relationship with the

---

[4] The parties refer to the Janis A. Koman Irrevocable Trust, Karen L. Hamilton Irrevocable Trust, and the Elizabeth S. Koman Irrevocable Trust collectively as the "Koman Sister Trusts."
[5] The parties do not specifically dispute, and the allegations in the Complaint support an inference, that Defendant James Koman was a fiduciary of the ESOP under 29 U.S.C. § 1002(14)(A).

ESOP fiduciaries, namely James Koman (Doc. 144, ¶¶ 66, 151, 154, 177).  Thus, Plaintiffs'

allegations are sufficient to survive dismissal here.

Defendant Smith, as Trustee of the James G. Koman Irrevocable Trust, also raises

additional arguments concerning his personal knowledge of the ESOP transactions (Doc.

328).  Smith argues that he was not the Trustee at the time of the alleged prohibited

transactions, but that James Koman was the Trustee at the time s (Doc. 328).  However,

to the extent the Court can consider these representations on a motion to dismiss, *see, e.g.*,

*Geinosky*, 675 F.3d at 745, the claims against the Trust as alleged do not appear dependent

on the status of the Trustee as either original or successor trustees, because the claims

alleged are not directed against Mr. Smith personally, but to him in his capacity as Trustee

(Doc. 144, ¶ 65).

While a successor trustee is not generally liable for breaches of trust committed by

a former trustee, they do retain all powers and duties imposed on the predecessor trustee,

including the duty to defend claims brought against the Trust.  *See e.g.*, 760 Ill. Comp.

Stat. Ann. 3/811 ("A trustee shall take reasonable steps to enforce claims of the trust and

to defend claims against the trust."); *Dick v. Peoples Mid-Illinois Corp.*, 242 Ill. App. 3d 297

(1993) ("A successor trustee shall have all the rights, powers and duties, which are

granted to or imposed on the predecessor." However, the successor trustee "is not liable

for breaches of trust committed by the former … [unless] he himself is guilty of a violation

of duty to the beneficiaries.").[6]  Regardless, even if Smith's personal knowledge was an

---

[6] The parties do not indicate what state law might apply to the relevant trusts.  However, both parties frequently cite Illinois law, so for the purposes of this Motion, the Court also considers Illinois law.  *See Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry

appropriate consideration for the Court, such argument is more appropriately suited for a motion under Fed. R. Civ. P. 56.

### 4. Janis Koman n/k/a Janis Forsen, Karen Koman, and Elizabeth Koman as Beneficiaries of Koman Sister Trusts

Defendants Janis Koman n/k/a Janis Forsen, Karen Koman, and Elizabeth Koman as Beneficiaries of their respective Koman Sister Trusts seek to dismiss Plaintiffs' claims for the same reasons as the other Moving Defendants. However, as mentioned above, the Amended Complaint plausibly alleges that the Koman Sister Trusts are parties in interest under 29 U.S.C. § 1102(14)(G) and had knowledge of the circumstances which rendered the ESOP transactions unlawful through the Trust's participation in the ESOP transactions and the Trustee's relationship with the ESOP fiduciaries, namely James Koman (Doc. 144, ¶¶ 66, 151, 154, 177).

However, Defendants also argue that they are not appropriate parties in interest because they are only beneficiaries of their respective Trusts. Nevertheless, where an action may affect trust property, beneficiaries of a trust are necessary parties. *See Green v. Green*, 218 F.2d 130, 137 (7th Cir. 1954) ("It is the generally established rule in Illinois, and we think elsewhere, that in all actions concerning trust property the beneficiaries are necessary parties."). Thus, at this stage, Defendants' status as beneficiaries of the Koman Sister Trusts (which the Court have found to be appropriate defendants at this stage) is not enough to warrant dismissal at this time. *See also, Harris Trust and Sav. Bank*, 530 U.S. at 246 (Section 502(a)(3) "admits no limit … on the universe of possible defendants.

about conflicts of laws unless the parties disagree on which state's law applies").

Indeed, § 502(a)93) makes no mention at all of which parties may be proper defendants—the focus, instead, is on redressing the '*act or practice* which violates any provision of" ERISA) (emphasis in original).   Defendants may, however, explore this theory through discovery.

<u>Disposition</u>

For these reasons, and when construing the facts in the light most favorable to Plaintiffs and considering the reasonable inferences that can be drawn therefrom, Plaintiffs have met the minimum standards required to state their claims.   Accordingly, the Motions to Dismiss filed by the Moving Defendants (Docs. 231, 234, 252, 267, 319, 327, 362) are **DENIED**.   Plaintiffs' Motion to Withdraw (Doc. 395) is also **GRANTED**. Defendants, the Bidwill Kasino Trust, its Trustee, and any beneficiaries of the Trust, along with Defendants the Beneficiaries of the Bidwill Succession Trust are **DISMISSED, without prejudice**.   The Clerk of Court is **DIRECTED** to terminate those defendants from the docket sheet.

Finally, the Court observes that Defendant Mary C. Bidwill has not answered or otherwise appeared in this matter.   Plaintiffs are **DIRECTED** to **SHOW CAUSE** by **March 27, 2023**, for why Defendant Mary C. Bidwill should not be dismissed for a failure to prosecute pursuant to Fed. R. Civ. P. 41.

    **SO ORDERED.**

    Dated: March 8, 2023

_____
DAVID W. DUGAN
United States District Judge

25