IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM HENSIEK, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BD. OF DIRECTORS OF CASINO QUEEN HOLDING CO., INC., *et. al.*, | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| BD. OF DIRECTORS OF CASINO QUEEN HOLDING CO., INC., *et. al.*, | ) |
| | ) |
|     Crossclaim/Third-Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHARLES BIDWILL, III, *et al.*, | ) |
| | ) |
|     Crossclaim/Third-Party Defendants. | )  Case No. 3:20-cv-377-DWD |
| CHARLES BIDWILL, III, TIMOTHY J RAND, | ) |
| | ) |
|     Defendants/Counterclaimants, Crossclaim/Third Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| TOM HENSIEK, *et. al.*, | ) |
| | ) |
|     Counterclaim/Crossclaim/Third-Party Defendants. | ) |
| | ) |
| JAMES G. KOMAN, | ) |
| | ) |
|     Crossclaim Plaintiff, | ) |
| vs. | ) |
| | ) |
| BD. OF DIRECTORS OF CASINO QUEEN | ) |

1

| | |
|---|---|
| **HOLDING CO., INC.,** *et al.* | ) |
| | ) |
| **Crossclaim Defendants.** | ) |
| | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are the Renewed Application for the Entry of Default against Defendant Mary C. Bidwill (Doc. 461) and the Motion to Quash Service of Process (Doc. 460). As stated below, the former Motion is **DENIED** and the latter Motion is **GRANTED**.

## Discussion

Plaintiffs Tom Hensiek, Jason Gill, and Lillian Wrobel filed suit under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"), on behalf of a proposed class of participants and beneficiaries in the Casino Queen Employee Stock Ownership Plan, an ERISA-protected retirement plan. In April 2022, Plaintiffs filed an Amended Complaint that added several Defendants, including: (1) Mary C. Bidwill ("Defendant Bidwill"), who Plaintiffs claim was a former shareholder of Casino Queen, Inc.; and (2) "parties in interest" under § 1002(14) who, in violation of § 1106(a), engaged in and received proceeds from prohibited transactions. (Doc. 144, ¶¶ 64-66, 198-212).

Despite the filing of the Amended Complaint, Defendant Bidwill had not answered or otherwise appeared in this matter as of March 8, 2023. Nor had Plaintiffs moved for an entry of default against her. Accordingly, the Court directed Plaintiffs to show cause as to why Defendant Bidwill should not be dismissed for failure to prosecute. (Doc. 427). In response to that Order, Plaintiffs filed an Application for the Entry of

2

Default (Doc. 446) against Defendant Bidwell, alleging she had been served on July 21, 2022. Indeed, on July 26, 2022, Plaintiffs filed an Affidavit of Service. (Doc. 277). According to that Affidavit of Service, on July 21, 2022, the process server did as follows:

> [D]elivered a copy of the Summons and First Amended Class Action Complaint directed to Mary C. Bidwill at 770 Skokie Boulevard, Northbrook, Illinois 60062 by leaving the documents at the usual place of abode of Mary C. Bidwill with Frank Doe, who is a Leasing Consultant for 770 Skokie Boulevard, Northbrook, Illinois 60062.

(Doc. 277).

Based on these representations, the Court was unable to determine if all the requirements for service had been accomplished or whether the individual leasing consultant was an appropriate individual to effect service upon Defendant Bidwell. (Doc. 455). Accordingly, the Court denied the Application for the Entry of Default, without prejudice, and directed Plaintiffs to supplement their Application with additional details concerning the attempt at service and the individual Leasing Consultant. (Doc. 455).

On March 30, 2023, after appearing for Defendant Bidwill, Attorney Ardyth Eisenberg filed a Motion to Quash Service of Process. (Doc. 460). Defendant Bidwill argues Plaintiffs' service was insufficient, in part, because she is domiciled in Montezuma, Costa Rica, and they did not attempt to serve her in accordance with Federal Rule of Civil Procedure 4(f), which governs the service of process of individuals residing in foreign countries. Defendant Bidwill submitted an affidavit from her legal counsel in Costa Rica that attested to her lengthy residence in and connections to Costa Rica, where she purportedly maintains her residency documents, purchases and sells real estate, pays

3

national and municipal taxes, and conducts employment matters. (Doc. 460-2). Defendant Bidwill also submitted copies of her Costa Rica identity card. (Doc. 460-1).

On April 11, 2023, Plaintiffs filed a Combined Renewed Application for the Entry of Default against Defendant Bidwell and a Memorandum in Opposition to her Motion to Quash. (Doc. 461). Plaintiffs submit that they properly served Defendant Bidwill via substitute service because she maintains her Chicago residence. Plaintiffs further argue the Leasing Consultant and/or Defendant Bidwill's brother, Defendant Charles Bidwill, III ("Charles"), were appropriate persons to receive service under Rule 4(e)(2)(b). As support for their arguments, Plaintiffs submitted excerpts from the deposition of Charles. Charles testified that he and Defendant Bidwill shared the Chicago residence, and Defendant Bidwill spends approximately 20 percent of the year in Chicago and 80 percent of the year in Costa Rica. (Doc. 453-2). Charles also testified that he was not home when the process server attempted service on July 21, 2022; however, he believed the doorman had been there because Charles was called to pick up the papers at the office. (Doc. 453-2). Charles indicated he told Defendant Bidwill that she had been served. (Doc. 453-2).

Now, service in federal court is governed by Rule 4. Under this Rule, plaintiffs are "responsible for having the summons and complaint served within the time allowed by Rule 4(m)," *i.e.*, within 90 days unless that time is extended by the Court. Fed. R. Civ. P. 4(b), (m). Under Rule 4(d), a plaintiff can mail a copy of the complaint and summons to the defendant and obtain a waiver of personal service. Fed. R. Civ. P. 4(d). If the defendant does not waive service, then process must be served in accordance with Rule 4(e). Rule 4(e), by extension, provides that service may be accomplished by (1) delivering

4

a copy of the summons and complaint to the person individually, (2) leaving a copy of the complaint and summons at the defendant's "usual place of abode" with "someone of suitable age and discretion who resides there," (3) delivering a copy of the complaint and summons to an agent "authorized by appointment or by law to receive such service of process," or (4) following the service laws of the state in which the district court is located or where service is effectuated. Fed. R. Civ. P. 4(e)(1)-(2). Notably, in Illinois, the service rules provide for, *inter alia*, personal service or leaving a copy of the summons

> at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

735 ILCS 5/2-203(a).

Defendant Bidwill argues Plaintiffs' service attempt was insufficient because she is domiciled in Costa Rica and she was not in Chicago on July 21, 2022. (Doc. 460, ¶¶ 8, 10). However, Defendant Bidwill also admits that she leases the Chicago apartment, where service was attempted, "[t]ogether with Mr. Bidwill." (Doc. 460, ¶ 9).

Therefore, Defendant Bidwill's assertion that she must be served in Costa Rica represents an overly simplistic interpretation of Rule 4(e). Courts have consistently rejected similar arguments, finding individuals may have more than one "usual place of abode" for purposes of service. *See, e.g., U.S. v. Mellon*, 719 F. App'x 74, 76 (2d Cir. 2018) (citing *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir. 1991) ("In a highly mobile and affluent society, it is unrealistic to interpret Fed. R. Civ. P. 4 so that the person

to be served has only one dwelling house or usual place of abode at which process may be left.") (internal markings omitted); *see also Norris v. Causey*, 869 F.3d 360, 369 (5th Cir. 2017) ("[A] person can have two or more [usual places of abode] provided each contains sufficient indicia of permanence."); *Indymac Bank, F.S.B. v. Visvabharathy*, No. 7-cv-6226, 2008 WL 11399566, *4 (N.D. Ill. Sept. 8, 2008) (collecting cases for the same proposition); *Hartford Fire Ins. Co. v. Perinovic*, 152 F.R.D. 128, 131 (N.D. Ill. 1993) (finding valid service under Rule 4); *131 Main St. Assocs. v. Manko*, 897 F. Supp. 1507, 1524 (S.D.N.Y. 1995) (collecting cases, and finding service was proper at defendant's second dwelling despite defendant's presence there being "episodic rather than constant").

Because Defendant Bidwill admits to maintaining her residence in Chicago, she has not provided sufficient evidence to rebut the presumption that service at that Chicago residence was permissible. *See Hood v. Menard Tactical Team*, No. 5-cv-214, 2009 WL 1220632, *2 (S.D. Ill. May 5, 2009) (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993) (stating a defendant can overcome the prima facie evidence of valid service "only by strong and convincing evidence"); *see also Minnesota Min. and Mfg. Co. v. Kirkevold*, 87 F.R.D. 317, 323-24 (D. Mn. Feb. 6, 1980) ("While one's intent to make a state his present and future home is absolutely critical for purposes of determining domicile and therefore diversity, that same intent is simply a factor of marginal weight in determining whether one's recent former home still amounts to one's 'usual place of abode' for service of process purposes."); *Eliason v. Molgaard*, No. 15-cv-833, 2016 WL 3248607, *6 (W.D. Wisc. June 10, 2016) (quoting *Kirkevold* for similar propositions and

6

stating, "[i]f anything, the threshold for service of process on 'the individual's dwelling' is lower than it is for assessing the individual's 'domicile' for purposes of citizenship").[1]

In any event, the fact that service at Defendant Bidwill's Chicago residence was permissible does not mean Plaintiffs have met their burden of showing the service attempt on July 21, 2022, was valid. *See Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005) (noting plaintiffs bear the burden of demonstrating personal jurisdiction, including valid service of process). Here, the Affidavit of Service indicates the summons and complaint were left with an individual named Frank Doe, who was identified as the Leasing Consultant of the apartment complex. (Doc. 277). The Court previously raised concerns about the identity of Frank Doe and his relationship to Defendant Bidwill. (Doc. 455).

In response to those concerns, Plaintiffs correctly observe that employees of apartment complexes, such as doormen and landlords, may satisfy the requirements for abode service under Rule 4(e). *See Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 453 (7th Cir. 2000) (abode service can be accomplished when the documents are "left with cooks, doormen, and other personal service providers" so long as it is "clear that the

---

[1] In *Kirkevold*, the District of Minnesota went on to explain:

> The purpose of using domicile as the basis for determining diversity, as opposed to broader concepts such as residence or usual place of abode, is consistent with the constitutional policy of limited jurisdiction…. On the other hand, the concepts used in the rules governing service of process are utilized for the purpose of providing a likelihood of bringing actual notice to the intended recipient. As such, different considerations are relevant, and it is simply not inconsistent under these circumstances to be domiciled in one state and also have one's "usual place of abode" for purposes of service of process in another state. To hold otherwise under the present circumstances would require this Court to ignore the practicalities of modern day transitions and mobility from one state to another.

*Kirkevold*, 87 F.R.D. at 324 (internal citations omitted).

person who received the complaint and summons had some relationship to the person for whom service was intended and some duty to pass along mail and other documents to that person."); *Hartford Fire Ins. Co.*, 152 F.R.D. at 131 (finding valid service under Rule 4 where, *inter alia*, a doorman, who was 32-35 years old, was "clearly 'a person of suitable age and discretion,' " as he was authorized to accept and sign for all packages, letters, and deliveries, including those of a legal nature, for the tenants of the building). Alternatively, Plaintiffs argue abode service was accomplished by Charles's ultimate receipt of the service packet and his relaying of information to Defendant Bidwill, as Charles is also a resident of Defendant Bidwill's apartment. (Doc. 461, pg. 2 n.1).

Based on the current evidence, the Court is still unconvinced that Plaintiffs have met their burden to show sufficient abode service via Frank Doe or Charles. Notably, Plaintiffs did not provide any supplemental information to show who Frank Doe is or what relationship he has to Defendant Bidwill. At present, this lack of information is analogous to the affidavit submitted in *Robinson Engineering Co.* There, the plaintiff attempted to serve the defendant at his apartment building by leaving the service documents with another individual. *Robinson Eng'g Co.*, 223 F.3d at 447, 451-52. Apart from the name and description of the individual, however, the return affidavit was silent as to who the individual was and what relationship he had with the defendant. *Id.* Since the record could not confirm whether the individual had a duty to pass along the service documents to the defendant, the Seventh Circuit had "serious doubt" as to whether the defendant was properly served. *Id.* at 452-53. In commenting on the differences, the Seventh Circuit confirmed abode service can be accomplished when the documents are

8

"left with cooks, doormen, and other personal service providers" but, in those situations, it must be "clear that the person who received the complaint and summons had some relationship to the person for whom service was intended and some duty to pass along mail and other documents to that person." *Id*. Without this additional information, the Seventh Circuit found it just as likely the individual served was an unidentified resident of the apartment, a guest, or a passerby, each of which was insufficient for proper service. *Id.* Therefore, the case was remanded for an evidentiary hearing. *Id*. at 447, 453-54.

Here, the evidence shows only that Frank Doe is the Leasing Consultant for Defendant Bidwill's apartment building. The Court is unable to discern from this job title alone whether Frank Doe had a duty to pass along mail and other documents to Defendant Bidwill. Plaintiffs' supplemental documents do not elaborate on Frank Doe's position, as they refer to him only as an "employee" of the apartment complex. It does not follow that all employees have a duty to receive correspondence for tenants. *See, e.g.*, *GGNSC Equity Holdings, LLC v. Breslin*, No. 14-mc-450, 2014 WL 5463856, *2 (M.D. Pa. Oct. 27, 2014) (holding service on an apartment manager was sufficient); *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967) (same); *Smith v. Kincaid*, 249 F.2d 243 (6th Cir. 1957) (holding service on landlady was sufficient); *131 Main Street Assocs.*, 897 F. Supp. at 1525 (holding service on doorman was sufficient); *Kolker v. Hurwitz*, 269 F.R.D. 119, 123–24 (D.P.R. 2010) (holding security guard lacked authority to receive correspondence); *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713 (S.D.N.Y. 1993) (holding non-employee was not a resident of the defendant's dwelling); *Zuckerman v. McCulley*, 7 F.R.D. 739, 741 (E.D. Mo. 1947) (finding janitor lacked authority to accept correspondence).

Plaintiffs' additional documents refer to other employees of the apartment complex, including a receptionist, security, and a doorman. (Doc. 453-1, ¶ 6) (describing previous attempts to serve Defendant Bidwill by speaking with the receptionist of the building, and being asked by security to leave); (Doc. 453-2, pgs. 7-8) (noting Charles testified that he believed the documents were left with a doorman). These job titles are more commonly thought of as having a duty to pass along documents. However, the process server specifically referred to Frank Doe as the building's Leasing Consultant. Without further information on the circumstances surrounding the attempted service on July 21, 2022, the Court cannot find it was clear he had a duty to pass along the complaint and summons to Defendant Bidwill. Further, the fact that Charles ultimately received notice of the service documents and relayed that information to Defendant Bidwill does not cure the potential defects. *See Robinson Eng'ing Co.*, 223 F.3d at 453 ("Although George obviously has actual notice of the case by now, that is of course insufficient for service.").

Similarly, the Court is not convinced that Charles's act of picking up Defendant Bidwill's service packet from the apartment office was sufficient to establish abode service. Rule 4(e) provides that service may be accomplished by "leaving a copy of [the documents] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Had the process server left Defendant Bidwill's service documents with Charles when he served the documents at the apartment on July 21, 2022, there is little question that abode service would have been accomplished under Rule 4(e). However, the record does not establish that the process server left the service documents with Charles. Instead, the documents were left

10

with Frank Doe, the Leasing Consultant. Charles testified that he was not at the apartment complex on July 21, 2022. Therefore, based solely on the record before the Court, Plaintiffs have not established that leaving a copy of the documents with Frank Doe, or Charles's subsequent act of picking up those documents from the apartment office, satisfied the procedural requirements of Rule 4(e). Likewise, Plaintiffs cannot argue Charles effected service by relaying the service documents to Defendant Bidwill, as he is not an authorized person under Rule 4(c). *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint.").

Consistent with the reasoning contained herein, Plaintiffs' Renewed Application for the Entry of Default against Defendant Bidwill (Doc. 461) is **DENIED** and Defendant Bidwill's Motion to Quash Service of Process (Doc. 460) is **GRANTED**.

**SO ORDERED.**

Dated: February 28, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge