IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOM HENSIEK, *et al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BD. OF DIRECTORS OF CASINO QUEEN HOLDING CO., INC., *et. al.*, | ) ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| BD. OF DIRECTORS OF CASINO QUEEN HOLDING CO., INC., *et. al.*, | ) ) | |
| | ) | |
|     Crossclaim/Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES BIDWILL, III, *et al.*, | ) | |
| | ) | |
|     Crossclaim/Third-Party Defendants. | ) | Case No. 3:20-cv-377-DWD |
| _____ | ) | |
| CHARLES BIDWILL, III, TIMOTHY J RAND, | ) ) | |
| | ) | |
|     Defendants/Counterclaimants,     Crossclaim/Third Party Plaintiffs, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TOM HENSIEK, *et. al.*, | ) | |
| | ) | |
|     Counterclaim/Crossclaim/Third-Party      Defendants. | ) ) | |
| _____ | ) | |
| JAMES G. KOMAN, | ) | |
| | ) | |
|     Crossclaim Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| BD. OF DIRECTORS OF CASINO QUEEN | ) | |

1

| | |
|---|---|
| **HOLDING CO., INC.,** *et al.* | ) |
| | ) |
| **Crossclaim Defendants.** | ) |
| | ) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are several motions filed by the Third-Party Defendants, namely:

1. Third-Party Defendants Joan Kenny Rose, James C. Kenny, John E. Kenny, Jr., Patrick B. Kenny, and Philip B. Kenny's Motion to Dismiss Third-Party Complaint (Doc. 430);

2. Third-Party Defendant Philip B. Kenny's Motion to Dismiss Third-Party Complaint (Doc. 432);

3. Third-Party Defendants Gaughan and Toti's Motion to Dismiss Third-Party Complaints (Doc. 449); and

4. Third-Party Defendant GreatBanc's Motion to Dismiss Third-Party Complaint (Doc. 451).

## I. BACKGROUND

Plaintiffs Tom Hensiek, Jason Gill, and Lillian Wrobel filed suit under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"), on behalf of a proposed class of participants and beneficiaries in the Casino Queen Employee Stock Ownership Plan ("ESOP"), an ERISA-protected retirement plan. In the First Amended Class Action Complaint (Doc. 144), Plaintiffs allege, as current or former employees of Casino Queen Hotel & Casino, they are participants and beneficiaries of the ESOP. This putative class action was filed in relation to two alleged unlawful transactions, referred to as the 2012 Stock Purchase Transaction and the 2013 Asset Sale, which allegedly violated Defendants' fiduciary duties under ERISA. (Doc. 144).

Defendants are generally comprised of two groups: (1) the "Fiduciary Defendants," and (2) the "Selling Shareholders." (Docs. 426, 427). In addition to the Board of Directors of the Casino Queen Holding Company, Inc, and the Administrative Committee of the Casino Queen ESOP, the Fiduciary Defendants include Defendants Charles Bidwill, Timothy J. Rand, James G. Koman, Jeffrey Watson, and Robert Barrow. (Doc. 144, ¶ 203). The Selling Shareholders are alleged family members (or trust-related entities set up to benefit family members) of the five founding family groups of Casino Queen, Inc. ("CQI"), and its subsequent holding company, Casino Queen Holding Company, Inc. ("CQH"). (Doc. 144, ¶¶ 2, 72).[1] Many Defendants filed crossclaims and third-party actions. (Docs. 153, 154, 157). Relevant to the instant Motions are two Third-Party Complaints filed by (1) Defendants the Board of Directors of CQH, Robert Barrows, Jeffrey Watson, and the Administrative Committee of the Casino Queen ESOP, and (2) Defendants Charles Bidwill and Timothy Rand. (Docs. 153 & 154).

## II. THE THIRD-PARTY COMPLAINTS (DOCS. 153 & 154)

Defendants/Third-Party Plaintiffs the Board of Directors of CQH, Robert Barrows, Jeffrey Watson, and the Administrative Committee of the Casino Queen ESOP assert third-party claims against Third-Party Defendants Franklin Toti, Joan Kenny Rose, Philip B. Kenny, James C. Kenny, Michael Gaughan, Mary Ann Kenny Smith, Patrick B. Kenny, and John E. Kenny, Jr. (Doc. 153). All Third-Party Defendants, except Defendant Mary

---

[1]These Defendants also include Bidwill, Rand, James Koman, Watson, and Barrows, in addition to Mary C. Bidwill, Brian R. Bidwill, Patricia M. Bidwill, Shauna Bidwill Valenzuela, the Bidwill Succession Trust, the William J. Koman, Sr., Living Trust, the William J. Koman, Jr., Irrevocable Trust, the Karen L. Hamilton Irrevocable Trust, the Janis A. Koman Irrevocable Trust, the Elizabeth S. Koman Irrevocable Trust, and the James C. Koman Irrevocable Trust. (Doc. 144, ¶¶ 65-66).

Ann Kenny Smith, who has not appeared, seek a dismissal. (Docs. 430 & 449).

Notably, a review of the record shows that Mary Ann Kenny Smith has not entered an appearance in this matter. Accordingly, within 30 days, Defendants/Third-Party Plaintiffs the Board of Directors of CQH, Robert Barrows, Jeffrey Watson, and the Administrative Committee of the Casino Queen ESOP are **DIRECTED TO SHOW CAUSE** as to why Third-Party Defendant Mary Ann Kenny Smith should not be dismissed for a failure to prosecute under Federal Rule of Civil Procedure 41.

Moreover, Defendants/Third-Party Plaintiffs Bidwill and Rand assert third-party claims against Third-Party Defendants Phillip B. Kenny, Michael Gaughan, and GreatBanc Trust, who seek to dismiss the claims. (Docs. 154, 432, 449, 451).

### III. THE MOTIONS TO DISMISS

#### A. GENERAL LEGAL STANDARDS

Under Federal Rule of Civil Procedure 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "[T]he same principles governing the disposition of a 12(b)(6) motion apply whether the plaintiff's original complaint or a third-party complaint is involved." *Foote v. U.S.*, 648 F. Supp. 735, 736 (1986) (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1455 (1971)).

Federal Rule of Civil Procedure 12(b)(6) allows challenges to a pleading based on the failure to state a claim for which relief may be granted. *Firestone Fin. Corp.*, 796 F.3d 822, 825 (7th Cir. 2015) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). To survive a Rule 12(b)(6) motion, which tests the sufficiency of the

4

pleading but not its merits, the pleading must allege enough facts for the claim to be facially plausible. *Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 876 (7th Cir. 2020) (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012)); *Fosnight v. Jones*, 41 F.4th 916, 921-22 (7th Cir. 2022) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). There must be enough facts pled to draw inferences as to liability. *Fosnight*, 41 F.4th at 922 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A pleading need not allege "detailed factual allegations," but it must lift the claim above the speculative level. *Kloss*, 462 F. Supp. 3d at 876 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals," supported by conclusions, do not suffice. *Trivedi v. Wells Fargo Bank, N.A.*, 609 F. Supp. 3d 628, 631 (N.D. Ill. 2022) (quoting *Iqbal*, 556 U.S. at 678). When ruling, the Court accepts all well-pled facts as true and draws all inferences for the pleader. *Id.* (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)); *accord Kloss*, 462 F. Supp. 3d at 874-75.

### B. THE KENNYS' MOTION TO DISMISS (DOCS. 430 & 431)

Defendants/Third-Party Plaintiffs the Board of Directors of CQH, Robert Barrows, Jeffrey Watson, and the Administrative Committee of the Casino Queen ESOP filed a Notice of Voluntary Dismissal of their third-party claims asserted against Third-Party Defendants Philip B. Kenny, James C. Kenny, John E. Kenny, Patrick B. Kenny, and Joan Kenny Rose. (Doc. 479). The parties have reached an agreement as to those third-party claims, so they seek a dismissal of the claims without prejudice.

Rule 41 allows for the dismissal of "actions," not "parties" or "claims," meaning it cannot cleave away claims or parties from a larger case. *See Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015). The Seventh Circuit has made clear that to dismiss claims or parties

from an action that will continue, a plaintiff must file an amended complaint. *Id*. While the Court acknowledges the plain reading of Rule 41, the Court finds, in this limited instance due to the procedural posture of the case, judicial economy counsels in favor of allowing Defendant/Third-Party Plaintiffs to voluntarily dismiss Third-Party Defendants Philip B. Kenny, James C. Kenny, John E. Kenny, Patrick B. Kenny, and Joan Kenny Rose without filing an amended third-party complaint. Accordingly, the Third-Party Complaint at Doc. 153 is **AMENDED** by interlineation. The claims against Third-Party Defendants Philip B. Kenny, James C. Kenny, John E. Kenny, Patrick B. Kenny, and Joan Kenny Rose are **STRICKEN**. As agreed to by the parties, the dismissal of the claims is without prejudice. The Kennys' Motion to Dismiss (Doc. 430) is **DENIED as moot**.

### C. THE MOTIONS TO DISMISS OF THIRD-PARTY DEFENDANTS GAUGHAN, TOTI, AND PHILIP B. KENNY (DOCS. 432, 449, 450)

ERISA § 502(a)(3) provides that "[a] civil action may be brought…by a participant, beneficiary, or fiduciary…to obtain other appropriate equitable relief…to redress such violations or…to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3); *see also Keach v. U.S. Trust Co., N.A.*, 244 F. Supp. 2d 968, 972 (C.D. Ill. 2003) ("Any liability of a non-fiduciary party-in-interest stems from duties imposed by § 502(a)(3)."); *Chesemore v. Fenkell*, 829 F.3d 803, 812 (7th Cir. 2016) ("ERISA's grant of equitable remedial power and its foundation in principles of trust law permit the courts to order contribution or indemnification among cofiduciaries based on degrees of culpability."). Under this statutory provision, our Supreme Court has noted as follows:

> [I]t has long been settled that when a trustee in breach of his fiduciary duty to the beneficiaries transfers trust property to a third person, the third

6

> person takes the property subject to the trust, unless he has purchased the property for value and without notice of the fiduciary's breach of duty. The trustee or beneficiaries may then maintain an action for restitution of the property (if not already disposed of) or disgorgement of proceeds (if already disposed of), and disgorgement of the third person's profits derived therefrom.
>
> * * *
>
> Only a transferee of ill-gotten trust assets may be held liable, and then only when the transferee (assuming he has purchased for value) knew or should have known of the existence of the trust and the circumstances that rendered the transfer in breach of the trust. Translated to the instant context, the transferee must be demonstrated to have had actual or constructive knowledge of the circumstances that rendered the transaction unlawful. Those circumstances, in turn, involve a showing that the *plan fiduciary*, with actual or constructive knowledge of the facts satisfying the elements of a § 406(a) transaction, caused the plan to engage in the transaction.

*Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 250-51 (2000) (Emphasis in original.) (internal citations omitted); *accord Keach*, 244 F. Supp. 2d at 972; *see also Mejia v. Verizon Mgmt. Pension Plan*, No. 11-cv-3949, 2012 WL 1565336, *11 (N.D. Ill. May 2, 2012) ("Liability of a non-fiduciary for aiding a fiduciary breach…requires (1) alleging a fiduciary breach in the first instance and (2) alleging that the non-fiduciary *knowingly* participated in that prohibited conduct.") (Emphasis in original).

Here, Third-Party Defendants Gaughan and Toti jointly seek to dismiss all of the third-party claims filed against them, arguing as follows:

> Plaintiffs' claims fall under two sets of facts: the transfer of ownership of the Casino Queen to an ESOP (the "2012 Transaction") and the later sale of its real property in order to, *inter alia*, pay off promissory notes held by all original owners except Gaughan and Toti (the "2013 Asset Sale"). Movants Gaughan and Toti were partial owners of the Casino Queen prior to the 2012 Transaction but, unlike the other Defendants, severed all ties to the Casino Queen and related entities when the 2012 Transaction closed on December 26, 2012. The facts alleged in the Third-Party Complaints and

7

> attached exhibits show that Gaughan and Toti were complete strangers to subsequent events, including the 2013 Asset Sale. Thus, to the extent the Third-Party Complaints seek relief from Gaughan and Toti for conduct post-December 26, 2012, based upon the face of their own pleadings, they have failed to state a claim and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

(Docs. 449, pg. 2; 450, pg. 2).

Based on this argument, Third-Party Defendants Gaughan and Toti assert that they could not have, and are not alleged to have, knowingly participated in fiduciary breaches after December 26, 2012. They request a dismissal, with prejudice, of the First Cause of Action alleged against them for restitution under 29 U.S.C. § 1132(a)(3) in the Casino Queen Third-Party Complaint (Doc. 153, pg. 100), and (2) Counts VIII and IX of the Bidwill and Rand Third-Party Complaint (Doc. 154, pgs. 76-82) alleged against Gaughan for contribution, indemnification, and/or apportionment. (Doc. 449, pg. 2).

Defendants/Third-Party Plaintiffs the Board of Directors of CQH, Robert Barrows, Jeffrey Watson, and the Administrative Committee of the Casino Queen ESOP respond:

> Although the CQ Third-Party Plaintiffs deny that they are liable with respect to any claims asserted against them…in the event it is determined that any of the CQ Third-Party Plaintiffs are liable, then Gaughan, Toti and others who received money from the sale of their CQH shares should be required to make restitution by disgorging the amount of any overpayment they received from the sale of their respective CQH shares. This is a contingent claim only, as the CQ Third-Party Plaintiffs deny that they violated any duties arising under ERISA.

(Doc. 472, pgs. 2-3).

They further state a "[d]ismissal…for any time period encompassing either the ESOP Transaction or the Real Property Sale is improper as the[y]…have plausibly alleged a claim for restitution pursuant to ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3)." (Doc.

8

472, pg. 3). After all, Gaughan and Toti are former shareholders of CQI and CQH who exchanged their respective shares of CQI stock for the same number of shares of CQH stock, then sold their respective shares of CQH stock to the ESOP as part of the ESOP Transaction. (Docs. 153, pg. 101; 472, pg. 4). Upon information and belief, Gaughan and Toti "were involved in the negotiation and consummation of the ESOP Transaction, and had knowledge of the transaction and the consideration to be received." (Docs. 153, pg. 103; 472, pg. 4). Therefore, if Defendants/Third-Party Plaintiffs the Board of Directors of CQH, Robert Barrows, Jeffrey Watson, and the Administrative Committee of the Casino Queen ESOP breached fiduciary duties or engaged in prohibited transactions in connection with the 2012 ESOP Transaction, "then Gaughan, Toti, and other CQH selling shareholders also had actual knowledge of the circumstances that made the ESOP Transaction and [2013] Real Property sale unlawful." (Docs. 153, pg. 103; 472, pg. 4).

As to Gaughan's arguments, Defendants/Third-Party Plaintiffs Bidwill and Rand respond that, to the extent he seeks a partial dismissal of contribution or indemnity liability related to actions occurring after the formation of the ESOP, the Motion to Dismiss must be denied. (Doc. 463, pg. 3). They note Plaintiffs' liability theory arises from the collective activity of the CQI Board, including (1) in failing to monitor the appointed fiduciaries before the ESOP purchase and/or in connection with the valuations for the 2012 ESOP stock purchase, and (2) taking pre-2012 closing steps to thwart reliance on projections that they claim were unrealistic and inflated. (Doc. 463, pgs. 7-8). To the extent Plaintiffs can prove these allegations, Bidwill and Rand argue Gaughan, "in controlling a CQI Board member (who would have likewise had the same information and engaged

9

in the same conduct as Bidwill and Rand acting as CQI Board members), would be liable to Bidwill and Rand for contribution and/or indemnification as a co-fiduciary with respect to the CQ ESOP Transaction." (Docs. 154, pgs. 78-81; 463, pgs. 5-7).

Finally, for his part, Third-Party Defendant Philip B. Kenny seeks a Rule 12(b)(6) dismissal of the claims for contribution, indemnity, and apportionment alleged against him in Counts VIII and IX of the Third-Party Complaint of Defendants/Third-Party Plaintiffs Bidwill and Rand. (Docs. 432 & 433). He argues Bidwill and Rand are allegedly guilty of malfeasance with respect to their breaches of fiduciary duties to the ESOP. (Doc. 433, pg. 3). However, in his view, "[n]owhere does the third-party complaint spell out what knowledge…[he] had of any specific ERISA violations that form the basis for the claims against Bidwill and Rand, much less that…[he] actively participated in those activities" between December 26, 2012, and January 23, 2014. (Doc. 433, pgs. 3-7). Third-Party Defendant Philip B. Kenny notes he was a member of the CQI Board until his resignation on December 26, 2012, he was never a member of the CQH Board, he was not a plan fiduciary, and for these reasons he is not a named Defendant. (Doc. 433, pg. 3).

In response to these arguments, Defendants/Third-Party Plaintiffs Bidwill and Rand argue, as they did with respect to Gaughan, to the extent they are liable to Plaintiffs, "Philip B. Kenny…is liable to Bidwill and Rand for contribution and/or indemnification because Plaintiffs not only attempt to hold Bidwill and Rand liable based on their positions on the CQH Board…but also under a '*de facto*' fiduciary theory based on them serving as…[CQI] board members" who voted in favor of the ESOP creation. (Doc. 464, pgs. 2, 6-7). In short, Defendants/Third-Party Plaintiffs Bidwill and Rand argue

10

allegations for contribution and indemnity arising from collective actions with Kenny on the CQI Board are sufficient to withstand a Rule 12(b)(6) challenge. (Doc. 464, pgs. 3-4).

On review of the parties' arguments, the Court finds each Third-Party Complaint (Docs. 153 & 154) sufficiently alleges facially plausible claims for relief from Third-Party Defendants Gaughan, Toti, and Philip B. Kenny. For example, as to Gaughan and Toti, who argue for a dismissal of each Third-Party Complaint on the sole basis that they "severed all ties to the Casino Queen and related entities when the 2012 Transaction closed on December 26, 2012," the Court agrees, on the pleadings, that argument does not necessarily foreclose the liability asserted in the Third-Party Complaints. That is, the Court cannot conclude the fact that CQH shares were sold in December 2012 entirely negates the liability alleged with respect to the 2013 Asset Sale.

Again, the Casino Queen Third-Party Complaint alleges, *inter alia*, Gaughan and Toti are former shareholders of the CQI and CQH who exchanged shares of CQI stock for shares of CQH stock, then, after being involved in the negotiation and consummation of the ESOP transaction, sold their shares of CQH stock to the ESOP. (Docs. 153, pg. 101, 103; 472, pg. 4). Likewise, Bidwill and Rand's Third-Party Complaint alleges, *inter alia*, Gaughan and Philip B. Kenny, prior to the transfer of their CQI ownership interest to CQH in December 2012, were shareholders of CQI who either personally or through a designee served as a CQI Board member. (Doc. 154, pg. 49). As such, Defendants/Third-Party Plaintiffs Bidwill and Rand allege, to the extent they are liable under Plaintiffs' theory as to the collective activity of the CQI Board, Gaughan and Philip B. Kenny are also liable due to, *inter alia*, their participation in CQI Board meetings on the creation of

11

the ESOP, exchange of CQI shares for CQH shares, involvement in producing inaccurate financial projections, and their responsibility to monitor company management or control a CQI Board member. (Docs. 154, pgs. 78-81; 463, pgs. 5-7). These facts plausibly allege claims for relied under the above-cited legal authorities. *See* 29 U.S.C. § 1132(a)(3); *Harris*, 530 U.S. at 250-51; *Keach*, 244 F. Supp. 2d at 972; *Mejia*, 2012 WL 1565336 at *11.

Since the allegations stated in the Third-Party Complaints satisfy the Rule 12(b)(6) standard, the Motions to Dismiss of Gaughan, Toti, and Philip B. Kenny are **DENIED**.

### D. THIRD-PARTY DEFENDANT GREATBANC'S MOTION TO DISMISS THIRD-PARTY COMPLAINT (DOC. 451)

Finally, under Rule 12(b)(6), Third-Party Defendant GreatBanc seeks a dismissal of the claims alleged against it in the Bidwill and Rand Third-Party Complaint. (Doc. 451 & 452). By extension, Third-Party Defendant GreatBanc seeks to be dismissed as a party to the case. (Doc. 451 & 452). As support, Third-Party Defendant GreatBanc argues the indemnity and contribution claims are time barred and, in any event, are inapplicable here. (Doc. 452, pgs. 5, 8-13). On the former argument, Third-Party Defendant GreatBanc indicates "because Plaintiffs' underlying claims would have been time-barred as against GreatBanc when filed, Rand and Bidwill's contribution and indemnity claims are likewise time-barred." *See* 735 ILCS 5/13-204(c); (Doc. 452, pg. 10). On the latter argument, Third-Party Defendant GreatBanc argues, since Plaintiffs' claims against Rand and Bidwill involve a clear element of fault and they are not seeking a theory whereby full liability may be shifted to Third-Party Defendant GreatBanc, Rand and Bidwill cannot obtain an implied indemnification. (Doc. 452, pgs. 12-13). Similarly, as to the claim

for contribution, Third-Party Defendant GreatBanc argues that is off the table because Rand and Bidwill's claims "turn[] on an underlying finding of intentional and bad-faith misconduct," which is not allowed under Illinois law (Doc. 452, pg. 13).

Further, GreatBanc argues it cannot be liable for negligent misrepresentation because such a claim is preempted by ERISA. *See* 29 U.S.C. § 1144(a); (Doc. 452, pgs. 5, 14-16). Alternatively, Third-Party Defendant GreatBanc argues the Bidwill and Rand Third-Party Complaint fails to plead the requisite elements for such a claim. (Doc. 452, pgs. 5, 16-21). For example, no alleged statement constitutes a false statement of material fact, as they are non-actionable representations of law, statements relating to future events, statements that are not alleged to be untrue, and/or statements that were not made by Third-Party Defendant GreatBanc. (Doc. 452, pgs. 17-18). Further, Third-Party Defendant GreatBanc argues the Bidwill and Rand Third-Party Complaint does not allege it was careless or negligent in ascertaining the truth of the statements, intended to induce or did induce reliance, or caused damages. (Doc. 452, pgs. 19-20).

Here, an argument as to the fact-intensive issue of a statute of limitations is an affirmative defense that must be pled in an answer and proved after discovery. *See George v. Kraft Foods Global, Inc.*, 674 F. Supp 2d 1031, 1042-43 (N.D. Ill. 2009); (citing Fed. R. Civ. P. 8(c)(1)); *see also Dale v. NFP Corp.*, 658 F. Supp. 3d 620, 633 (N.D. Ill. 2023) ("Generally, 'complaints are not required to anticipate affirmative defenses,' so 'dismissal under Rule 12(b)(6) on statute of limitations grounds is considered 'irregular.' "). The same is true with respect to arguments on ERISA preemption. *Garrity v. Sun Life and Health Ins. Co. (U.S.)*, 596 F. Supp. 3d 1111, 1115 (N.D. Ill. 2022). The Court notes, "[a]s a practical matter,

courts have sometimes taken shortcuts, particularly if the complaint leaves no doubt that there is a good statute-of-limitations or claim-preclusion defense[,] [b]ut it is safer to insist on compliance with the rules." *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022). For these reasons, the Court will not presently consider arguments on the statute of limitations or preemption as bases for a dismissal under Rule 12(b)(6). *See id.* (discussing the interplay between Rule 8 and Rule 12(b), from which "[i]t follows from th[e] structure [of the rules] and from the plain language of Rule 8(c)(1) that an affirmative defense *must* be raised in the answer, not by motion") (Emphasis added.).

Further, the Court disagrees with Third-Party Defendant GreatBanc, at this stage, that the indemnity and contribution claims in the Bidwill and Rand Third-Party Complaint are otherwise inapplicable. (Doc. 452, pgs. 5, 12-13). As noted elsewhere in this Memorandum & Order, the Court has an equitable remedial power to order contribution or indemnification among cofiduciaries. *See Chesemore*, 829 F.3d at 812; *see also Free v. Briody*, 732 F.2d 1331, 1337 (7th Cir. 1984) ("ERISA grants the courts the power to shape an award so as to make the injured plan whole while at the same time apportioning the damages equitably between the wrongdoers."); *Alton Memorial Hosp. v. Metro. Life Ins. Co.*, 656 F.2d 245, 250 (7th Cir. 1981) ("[W]here an ERISA plan suffers losses and where the plan participants and beneficiaries have established a cause of action on their own behalf or on behalf of the plan assets against one fiduciary, that fiduciary may seek indemnification or contribution from co-fiduciaries in accordance with 29 U.S.C. § 1105(a)."). As alleged by Defendants/Third-Party Plaintiffs Bidwill and Rand, Third-Party Defendant GreatBanc owed fiduciary duties as independent trustee under the

Independent Fiduciary Agreement. (Doc. 471, pg. 13). The Court finds there is a plausible claim for relief in the context of Rule 12(b)(6).

Finally, the Court finds the Bidwill and Rand Third-Party Complaint adequately pleads a claim of negligent misrepresentation. Such a claim, which is not governed by a heightened pleading standard, requires Bidwill and Rand to plead (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information. *Tricontinental Indust., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833-34 (7th Cir. 2007) (quoting *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill. 2d 326, 334-35 (2006)).

Specifically, Defendants/Third-Party Plaintiffs Bidwill and Rand note that they allege Third-Party Defendant GreatBanc falsely represented:

> (i) that it would conduct due diligence appropriate and necessary for GreatBanc to determine whether to direct the ESOP's Co-Trustees to enter into the ESOP Transaction; (ii) that GreatBanc alone would provide the directions as to whether CQH should sell its stock to the ESOP (which conflicts with Plaintiffs' allegations and theory of this case); (iii) its representation that the transactions contemplated by the Direction either qualified as an exemption from constituting or did not constitute prohibited transactions under ERISA; and (iv) that its valuations, to the extent the Court determines the CQH shares were purchased by the ESOP at less than fair market value, were made in accordance with the requirements of the Standards Rule 10-2(a) of the Uniform Standards of Professional Appraisal Practice, the "*Business Valuation Standards*" of the American Society of Appraisers, the requirements of ERISA, and the requirements of the Internal Revenue Code related to independent appraisals for ESOP

15

purposes.

(Docs. 154, pgs. 74-75; 471, pg. 17).

Defendants/Third-Party Plaintiffs Bidwill and Rand acknowledge representations of law are generally not actionable as misrepresentations, but they argue they "could not discover, with the exercise of ordinary diligence, misrepresentations made by the independent trustee regarding fair market value and whether the transactions constituted prohibited transactions." (Doc. 471, pgs. 17-18). Also, the statements were allegedly untrue and, at a minimum, whether the misrepresentations were statements of opinion or fact is a question for a jury. (Doc. 471, pgs. 18-20). Likewise, they argue forward-looking statements in the engagement documents are actionable because they concerned matters in the control of Third-Party Defendant GreatBanc. (Doc. 471, pg. 18).

As to carelessness or negligence in ascertaining the truth, Bidwill and Rand again note that the alleged misrepresentations were "exclusively within Greatbanc's control[] and…[it] had the exclusive ability to ensure that its representations were accurate." (Doc. 471, pg. 20). And, in Bidwill and Rand's view, Plaintiffs' allegations created a conflict with "the GreatBanc Independent Fiduciary Agreement and Direction." (Doc. 471, pgs. 20-21). Similarly, as to intent to induce and reliance, Bidwill and Rand suggest they were bound as Directed Trustees to proceed with the transaction, and they would have relied on GreatBanc's Direction when completing the ESOP Transaction. (Doc. 471, pg. 21). Other documents allegedly "granted permission to rely on this letter solely in connection with matters related to this [ESOP] transaction." (Doc. 471, pg. 21).

Finally, as to damages, Bidwill and Rand note, in the event Plaintiffs are successful in this case, they will obviously owe money damages stemming from GreatBanc's alleged misrepresentations. (Doc. 471, pg. 21). At this stage, the Court finds adequate allegations of damages, notwithstanding GreatBanc's reliance on an alleged superseding cause related to the statute of limitations, which, again, it does not address at this time.

Based on the above arguments, the Court finds they have satisfied the Rule 12(b)(6) standard. Third-Party Defendant GreatBanc's Motion to Dismiss is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Third-Party Complaint at Doc. 153 is **AMENDED** by interlineation to **STRIKE** the claims against Third-Party Defendants Philip B. Kenny, James C. Kenny, John E. Kenny, Patrick B. Kenny, and Joan Kenny Rose. The dismissal of those claims is without prejudice. By virtue of this ruling, the Kennys' Motion to Dismiss (Doc. 430) is **DENIED as moot**. Further, within 30 days, Defendants/Third-Party Plaintiffs the Board of Directors of CQH, Robert Barrows, Jeffrey Watson, and the Administrative Committee of the Casino Queen ESOP are **DIRECTED TO SHOW CAUSE** as to why Third-Party Defendant Mary Ann Kenny Smith should not be dismissed for a failure to prosecute under Rule 41. Finally, the remaining Motions to Dismiss at issue under Rule 12(b)(6) (Docs. 432, 449, 451) are **DENIED**.

**SO ORDERED.**

Dated: March 29, 2024

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge
