## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOM HENSIEK, et al.,**<br><br>     **Plaintiffs,**<br><br>**vs.**<br><br>**BD. OF DIRECTORS OF CASINO QUEEN HOLDING CO., INC., et al.,**<br><br>     **Defendants.** | |
| **BD. OF DIRECTORS OF CASINO QUEEN HOLDING CO., INC., et al.,**<br><br>     **Crossclaim/Third-Party Plaintiffs,**<br><br>**vs.**<br><br>**CHARLES BIDWILL, III, et al.,**<br><br>     **Crossclaim/Third-Party Defendants.** | **Case No. 3:20-cv-377-DWD** |
| **CHARLES BIDWILL, III,**<br>**TIMOTHY J. RAND,**<br><br>     **Defendants/Counterclaimants,**<br>     **Crossclaim/Third-Party Plaintiffs,**<br><br>**vs.**<br><br>**TOM HENSIEK, et al.,**<br><br>     **Counterclaim/Crossclaim/Third-Party Defendants.** | |

**JAMES G. KOMAN,**

     **Crossclaim Plaintiff,**

**vs.**

**BD. OF DIRECTORS OF CASINO QUEEN HOLDING CO., INC., et al.**

     **Crossclaim Defendants.**

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' Unopposed Motion and Incorporated Memorandum of Law for Preliminary Approval of Settlement and Certification of Settlement Class ("Preliminary Approval Motion") (Doc. 539). Upon review of that Preliminary Approval Motion and its Exhibits, together with the proposed Settlement Agreement, the Court **GRANTS** the Preliminary Approval Motion and **PRELIMINARILY APPROVES** the proposed Settlement Agreement. Therefore, the Court **FINDS** and **ORDERS** as follows:

1.    The Court preliminarily approves the proposed Settlement Agreement in its entirety. Unless otherwise defined herein, all defined terms in this Order Granting Preliminary Approval of Class Action Settlement shall have the meanings ascribed to them in the proposed Settlement Agreement.

2.    The Court has conducted an initial evaluation of the proposed Settlement Agreement under Federal Rule of Civil Procedure 23. The Court preliminarily finds that the proposed Settlement Agreement is fair, reasonable, and adequate. The Court also preliminarily finds the Plan of Allocation is fair and reasonable. After the consideration

of the motion for final approval, any objections to the proposed Settlement Agreement and responses thereto, and after the appearance of interested parties at the Fairness Hearing, the Court will determine whether to grant final approval of the proposed Settlement Agreement based on the factors set forth in Rule 23(e)(2). After consideration of a motion to finally certify the Settlement Class for purposes of judgment, the Court will decide if the Settlement Class meets the requirements of Rules 23(a) and (b)(1). Accordingly, the Court determines it is appropriate to provide notice of the proposed Settlement Agreement to the Settlement Class.

3.     For settlement purposes, the Court *preliminarily* certifies the following Settlement Class pursuant to Rule 23(b)(1):

> All participants in the Casino Queen ESOP, whether or not such participant had a vested account in the ESOP, and those participants' beneficiaries, excluding: Defendants and their immediate family members; any ESOP Trustee, ESOP Administrative Committee members serving in such capacity on or before December 31, 2019; the officers and directors of CQH or Casino Queen, Inc. ("CQI") serving in such capacity on or before December 31, 2019; or the officers or directors or of any other entity in which a Defendant (other than CQH or CQI) has a controlling interest; and legal representatives, successors, and assigns of any such excluded persons.

4.     For settlement purposes, the Court preliminarily approves the appointment of Plaintiffs Tom Hensiek, Lillian Wrobel, and Jason Gill as Class Representatives.

5.      For settlement purposes, the Court preliminarily approves the appointment of Cohen Milstein Sellers & Toll PLLC as Class Counsel.

6.      For settlement purposes, Analytics Consulting LLC of 18675 Lake Drive East, Chanhassen, Minnesota, 55317, is hereby appointed to serve as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the proposed Settlement Agreement.

7.      On February 25, 2025, at 10:00 a.m., or at such other date and time later set by Court Order, in Courtroom 2 of the United States District Court for the Southern District of Illinois, East Saint Louis Courthouse, 750 Missouri Avenue, East Saint Louis, IL 62201, the Court will hold a Fairness Hearing to (1) review comments and/or objections regarding the proposed Settlement Agreement and/or Class Counsel's request for approval of any Attorneys' Fees and Expenses, Administrative Expenses, and Service Award, (2) finally consider the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving the proposed Settlement Agreement, awarding any Attorneys' Fees and Expenses and Service Award, approving Administrative Expenses incurred and a reserve for any anticipated future Administrative Expenses, and dismissing this Action with prejudice, and (4) consider such other matters as the Court may deem appropriate.

8.      No later than twenty-eight (28) days prior to the Fairness Hearing, Plaintiff shall file papers in support of final approval of the proposed Settlement Agreement.

9.      No later than forty-five (45) days prior to the Fairness Hearing, Class Counsel shall file an application for approval of Attorneys' Fees and Expenses,

4

Administrative Expenses, and Service Awards. The application also shall be posted on the Settlement Website. Pending approval, any Administrative Expenses necessary to effectuate the Settlement may be paid from the Qualified Settlement Fund.

10.    The Court hereby approves the form and contents of the proposed Notice, and finds that mailing copies of the Notice to Class Members by first class mail, postage prepaid, constitutes the best notice practicable under the circumstances and complies fully with the requirements of Rule 23, the United States Constitution, due process, and applicable law. The Court finds that the proposed Notice constitutes due and sufficient notice of the proposed Settlement Agreement and the Fairness Hearing to all persons affected by or entitled to participate in the Settlement, and fairly and adequately:

     a.    Summarizes the claims asserted;

     b.    Describes the terms and effect of the Settlement;

     c.    Notifies the Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees and Expenses, Service Award to the Plaintiff, and Administrative Expenses of Settlement;

     d.    Gives notice to the Class of the time and place of the Fairness Hearing, and of Class Members' right to appear; and

     e.    Describes how the recipients of the Notice may object to the Settlement, or any requested Attorneys' Fees, Expenses, or Service Award.

11.    The Court also approves the establishment of a Settlement Website, toll-free telephone support line, and email address for Class Member inquiries as set forth in the proposed Settlement Agreement. No later than thirty (30) calendar days following the

entry of this Order Granting Preliminary Approval of Class Action Settlement, the Settlement Administrator shall establish the Settlement Website and telephone support line. No later than forty-five (45) days after the entry of this Order Granting Preliminary Approval of Class Action Settlement, the Settlement Administrator shall disseminate the proposed Notice to the Class together with information and instructions for completing an online Rollover Form.

12.    Class Members (and their Beneficiaries and Alternate Payees) must submit a Rollover Form to the Settlement Administrator no later than twenty-one (21) calendar days before the Fairness Hearing to be eligible for a rollover.

13.    Any Class Member may comment on the Settlement and/or object to the Settlement or the proposed Attorneys' Fees and Expenses, Administrative Expenses, or Service Award; provided, however, that all comments and objections shall only be considered by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the comment and/or objection and any supporting documents must be filed with the Court and mailed or otherwise delivered to the Settlement Administrator no later twenty-one (21) calendar days prior to the date of the Fairness Hearing. All objections from Class Members must include in the written objection: (a) the case name and number (*Hensiek v. Board of Directors of Casino Queen Holding Co., Inc.*, No. 3:20-cv-00377-DWD); (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of their counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, and the name of the objector's counsel who will appear at the Fairness

Hearing (if any); (e) a statement of whether the objection applies only to the objector, to a specific subset of Class Members, or to the entire Settlement Class; and (f) copies of all supporting documents, including any document(s) that the objector or the objector's counsel intends to offer at the Fairness Hearing; and (g) the name of any person that the objector intends to call as a witness at the Fairness Hearing, together with the nature and subject matter of the testimony to be proffered. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Class Member's objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

14.    No later than seven (7) days prior to the Fairness Hearing, Plaintiff shall file a response to any written objections. Defendants may also file a response to any objections at that time.

15.    A Class Member who objects to the proposed Settlement Agreement need not appear at the Fairness Hearing for the Class Member's objection or comment to be considered by the Court. If Class Counsel or Defendants' Counsel receives any objections to any aspect of the proposed Settlement Agreement, which are not filed via CM/ECF, they shall file such objections via CM/ECF as soon as practicable.

16.    Each Class Member and their heirs, executors, administrators, successors, and assigns, as well as the Plan, is preliminarily barred and enjoined from the institution or prosecution of the Released Claims against any of the Releasees pending final approval of the proposed Settlement Agreement. Defendants are also preliminarily barred and enjoined from the institution or prosecution of any of the Claims Released by Defendants

7

against any of the Plaintiffs, Class Members, or any other Releasee pending final approval of the proposed Settlement Agreement.

17.    Neither this Order Granting Preliminary Approval of Class Action Settlement, the proposed Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

18.    In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved by the Court, or such approval is reversed, vacated, or modified by this or any other court of appeals, then the Parties and Class Members will be restored to their respective positions immediately before the execution of the Term Sheet; this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated; the fact of the Settlement Agreement and the terms contained therein shall not be admissible in any proceeding for any purpose; and the Parties shall reserve all claims, remedies, defenses, arguments, and motions as to all claims and requests for relief that might have been or might be later asserted in the Action.

19.    The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Class (other than through the Settlement Website), and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed

Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class (other than through the Settlement Website).

20.    The Court enters the following deadlines consistent with the proposed Settlement Agreement:

| Event | Deadline |
|---|---|
| CQH will send CAFA notices | Within 10 days following the entry of this Order Granting Preliminary Approval of Class Action Settlement |
| CQH shall provide the Settlement Administrator with a Class Member list including the name, last known address, and information set forth in the Settlement Agreement | Within twenty-one (21) days following the entry of this Order Granting Preliminary Approval of Class Action Settlement |
| CQH shall deposit $100,000 of the Settlement Amount into the Settlement Fund Account to be used for reasonable and necessary administrative expenses | Within thirty (30) days following the entry of this Order Granting Preliminary Approval of Class Action Settlement |
| The Settlement Administrator shall establish the Settlement Website and telephone support line | Within thirty (30) days of the entry of this Order Granting Preliminary Approval of Class Action Settlement |
| The Settlement Administrator shall send the Class Notice to all Class Members | Within forty-five (45) days of the entry of this Order Granting Preliminary Approval of Class Action Settlement |
| Plaintiffs or their Counsel shall file an application for approval of Attorneys' Fees and Expenses, Administrative Expenses, and Service Awards | At least forty-five (45) days before the Fairness Hearing |
| The Independent Fiduciary shall notify the Parties of its determination in writing and in accordance with PTE 2003-39 | At least thirty-five (35) days before the Fairness Hearing |
| Plaintiffs or their Counsel shall file the Motion for Final Approval and Final Certification of the Settlement Class | At least twenty-eight (28) days before the Fairness Hearing |
| Class members must submit any comment and/or objection and any supporting documents to Class Counsel and Defendant's Counsel (or file via CM/ECF | At least twenty-one (21) days before the date of the Fairness Hearing |

| if the Class Member has retained separate counsel for purposes of the comment and/or objection) | |
|---|---|
| Class Members (and their Beneficiaries and Alternate Payees) must submit a Rollover Form to the Settlement Administrator | At least twenty-one (21) days before the Fairness Hearing |
| Plaintiff or her Counsel shall file reply papers in support of final approval of the Settlement and in response to any written objections. Defendants may also file a response to any objections if they wish to do so | At least seven (7) days before the Fairness Hearing |
| Fairness Hearing | February 25, 2025, at 10:00 a.m., or at such other date and time later set by Court Order, in Courtroom 2 of the United States District Court for the Southern District of Illinois, East Saint Louis Courthouse, 750 Missouri Avenue, East Saint Louis, IL 62201 |
| CQH shall deposit $3,500,000 Settlement Amount into the Settlement Fund Account | On or before June 30, 2025. |
| CQH shall contribute the remaining $3,500,000 of the Settlement Amount into the Settlement Fund Account | On or before September 30, 2025. |

Consistent with this ruling, the Preliminary Approval Motion is **GRANTED**.

**SO ORDERED**.

Dated: November 14, 2024.

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge