IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM HENSIEK, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>BD. OF DIRECTORS OF CASINO QUEEN HOLDING CO., INC., *et al.*,<br><br>    Defendants. | |
| BD. OF DIRECTORS OF CASINO QUEEN HOLDING CO., INC., *et al.*,<br><br>    Crossclaim/Third-Party Plaintiffs,<br><br>vs.<br><br>CHARLES BIDWILL, III, *et al.*,<br><br>    Crossclaim/Third-Party Defendants. | Case No. 3:20-cv-377-DWD |
| CHARLES BIDWILL, III,<br>TIMOTHY J. RAND,<br><br>    Defendants/Counterclaimants,<br>    Crossclaim/Third-Party Plaintiffs,<br><br>vs.<br><br>TOM HENSIEK, *et al.*,<br><br>    Counterclaim/Crossclaim/Third-Party Defendants. | |

1

| |
|---|
| **JAMES G. KOMAN,** |
|     **Crossclaim Plaintiff,** |
| **vs.** |
| **BD. OF DIRECTORS OF CASINO QUEEN HOLDING CO., INC.,** *et al.* |
|     **Crossclaim Defendants.** |

<u>**FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND**</u>
<u>**FINAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE**</u>

Plaintiffs, Tom Hensiek, Jason Gill, and Lillian Wrobel (collectively, "Plaintiffs"), individually and as representatives of a class of similarly situated persons, have moved, pursuant to Federal Rule of Civil Procedure 23, for an order approving the settlement of this action (the "Settlement") in accordance with the Class Action Settlement Agreement dated November 7, 2024 (the "Settlement Agreement"), which set forth the terms and conditions of the proposed Settlement of the claims in this action.

On November 14, 2024, this Court granted preliminary approval to the Settlement set forth in the Settlement Agreement. (Doc. 541). The Court also approved the procedure for providing Class Notice and set a Fairness Hearing for February 25, 2025. (Doc. 541).

The Court received and considered the papers filed in support of the Unopposed Motion for Final Approval (the "Motion"), the Settlement Agreement, declarations of counsel, the Plan of Allocation, other attachments, and all memoranda submitted on behalf of the Plaintiffs and the Settlement Class. (Doc. 544). The Court held a Fairness Hearing on February 25, 2025, during which the Court considered whether the terms and

conditions of the Settlement Agreement are fair, reasonable, and adequate, whether judgment should be entered and all claims be dismissed with prejudice, and whether to award fees and expenses to class counsel and service awards to Plaintiffs, and, if so, in what amount. The Court was informed at the Fairness Hearing that no objections were lodged, by the named parties or by any putative class member, to any of these matters.

Based on all of the tendered documents and arguments, the Court finds the Settlement Agreement is fair, reasonable, and adequate. Its terms are also in the best interests of the Settlement Class. Accordingly, the Court, having read and considered the Settlement Agreement, the Motion, and the exhibits thereto, **ORDERS** as follows:

1. **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreement.

2. **Jurisdiction and Venue**. The Court has jurisdiction over the subject matter of this Lawsuit and over all parties to this Lawsuit, including all Class Members, and venue in the Court is proper. The Court has subject-matter jurisdiction over the claims asserted in the Lawsuit pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), including, without limitation, jurisdiction to approve the proposed Settlement Agreement, grant final certification of the Settlement Class for settlement purposes, settle and release all claims, counterclaims, crossclaims, and third-party claims arising out of the transactions alleged in this Lawsuit, and dismiss the action with prejudice as between Plaintiffs and all Defendants, and issue related orders. Additionally, venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

3.  **Final Approval.** The Court hereby approves the Settlement Agreement as fair, reasonable, and adequate. The Court finds that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the settling parties and their counsel, and therefore meets the requirements for final approval.

4.  **Settlement Class.** The Court previously certified for settlement purposes only a non-opt-out class under Federal Rule of Civil procedure 23(b)(1) consisting of:

> All participants in the Casino Queen ESOP, whether or not such participant had a vested account in the ESOP, and those participants' beneficiaries, excluding: Defendants and their immediate family members; any ESOP Trustee, ESOP Administrative Committee members serving in such capacity on or before December 31, 2019; the officers and directors of CQH or Casino Queen, Inc. ("CQI") serving in such capacity on or before December 31, 2019; or the officers or directors or of any other entity in which a Defendant (other than CQH or CQI) has a controlling interest; and legal representatives, successors, and assigns of any such excluded persons.

The Court now finally approves this Settlement Class.[1] The members of the Settlement Class are the "Class Members." As a non-opt out class, the Class Members have no right to exclude themselves from the Settlement Class, the Settlement, or the Final Judgment. Each Class Member is forever bound by the Settlement and Final Judgment. The parties are hereby directed to perform the terms of the Settlement Agreement.

---

[1] The parties agree the Court's prior denial of class certification does not preclude class certification for settlement purposes because, *inter alia*, Defendants waived their statute of limitations defense, the Court has a continuing ability to certify or decertify a class, and an appeal under Rule 23(f) does not deprive the Court of jurisdiction to certify a settlement class. (Docs. 539, pgs. 18-19; 539-2, pgs. 7-8; 544, pgs. 21-22).

5. **Class Representatives and Class Counsel.** The Court confirms the prior appointment of Plaintiffs as Class Representatives, and the appointment of the law firm of Cohen Milstein Sellers & Toll PLLC as Class Counsel.

6. **Dismissal with Prejudice.** This Order is the final judgment as to all claims, counterclaims, crossclaims, and third-party claims released by the Settlement Agreement, and those claims are dismissed with prejudice and without costs charged to any party. All claims, counterclaims, crossclaims, and third-party claims filed by all Parties in this action are hereby dismissed with prejudice.

7. **Releases.** The Court approves the releases contained in Section 3 of the Settlement Agreement, including but not limited to the definition of released parties contained in Sections 3.1 and 3.4 (the "Released Parties"), and the definition of released claims contained in Sections 3.2 and 3.3 (the "Released Claims"). The Released Claims are set forth in full in the Settlement Agreement and are fully, finally, and forever released, relinquished, and discharged. The Released Parties include all Defendants to this action (which includes all Cross-Defendants and Third-Party Defendants), as well as all other persons and entities listed as Released Parties in the Settlement Agreement, as defined in the Settlement Agreement.

8. **Approval of Class Notice.** The Class Notice utilized the best practicable form and distribution method, including mailing the notice to each individual Class Member reasonably identifiable and creating a publicly available website with relevant information. The notice satisfied constitutional due process requirements and complied with Rule 23 of the Federal Rules of Civil Procedure and all other relevant laws.

9. **CAFA Notice.** The Defendants have timely provided notification to all required federal and state officials regarding the Settlement under 28 U.S.C. § 1715.

10. **Use of Order**. Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of any Defendant (including any Cross-Defendant or Third-Party Defendant). This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Lawsuit. This Order, the Settlement Agreement, and any discussions, negotiations, proceedings or agreements relating to the Settlement Agreement and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be construed, offered, or received against or to the prejudice of the Parties for any purpose as set forth in Section 5.1 of the Settlement Agreement, except to enforce the terms of this Settlement Agreement and/or this Order as set forth in Section 5.2 of the Settlement Agreement.

11. **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

12. **Settlement Administration**. The Court hereby finally approves the proposed Plan of Allocation, (Docs. 539-4 & 546). Class Counsel and Defendants' counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement.

13. **Injunction**. The Court hereby enjoins any Class Member from instituting, asserting, or prosecuting any of the Released Claims against any of the Released Parties in any federal or state court or any other forum.

14. **Continuing Jurisdiction**. The Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

**SO ORDERED.**

Dated: February 25, 2025

_____
DAVID W. DUGAN
United States District Judge